[No. 34386. Department One. March 27, 1958.]

NORMAN SEWELL, *Appellant*, v. PETER MACRAE *et al.*,
*Respondents.*[1]

[1]Reported in 323 P. (2d) 236.

*Charles M. Stokes,* for appellant.

*Gordon H. Sweany, Charles V. Moren,* and *William R. Lanthorn,* for respondents.

OTT, J.—February 26, 1956, at approximately 12.01 a m., Norman Sewell was walking northwesterly in the west pedestrian lane across east Madison street, where it is intersected by 22nd avenue in the city of Seattle. He was injured when he was struck by an automobile operated by Peter MacRae, who was proceeding southwesterly on east Madison street and had crossed 22nd avenue to the west pedestrian lane. The traffic at the intersection is controlled by a traffic signal showing red, green, and amber lights.

Sewell commenced this action alleging that MacRae was negligent in failing to have his automobile under proper control, operating it against the signal light, failing to permit the intersection to clear of pedestrians, and failing to yield the right of way. MacRae's answer denied negligence and, as an affirmative defense, alleged contributory negligence on the part of the plaintiff. The reply denied the affirmative matters pleaded. The cause was tried to a jury.

Plaintiff testified that, as he stepped off the curb to cross east Madison street, the traffic control light for him was green; that he proceeded in the pedestrian lane directly across the street, and that, when approximately fifteen feet from the opposite curb, he was struck by the automobile operated by the defendant. He was corroborated in this regard by two witnesses.

The defendant's testimony was that he was in his proper lane of vehicular travel; that he had stopped for the red light at the east side of the intersection; that, when the light for him turned green, he accelerated his automobile uniformly to a speed of approximately ten miles an hour, and that, as he reached the pedestrian lane on the west side of the intersection, Sewell suddenly appeared and he was unable to prevent his automobile from striking him.

During the course of the trial, plaintiff testified that he had consumed two bottles of beer in a nearby tavern during the period of approximately one and one-half hours before the accident. He stated, however, that he was not intoxicated. The only other evidence relating to intoxication was the written report of the interne, made upon Sewell's arrival at the emergency hospital, which indicated "alcohol on breath."

The plaintiff has appealed from the judgment based upon the jury's verdict for the defendant.

Appellant assigns error to the court's refusal to give his requested instruction No. 7, which reads as follows:

"The ordinances of the City of Seattle provide: 'Every person operating or driving a vehicle of any character upon the public streets of this city shall operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, weight of vehicle, grade and width of street, condition of surface and freedom of obstruction to view ahead and consistent with any and all conditions existing at the point of operation so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of such public streets.'"

One of appellant's theories, upon which he based his right to recovery, was that the respondent's violation of the above-quoted portion of the ordinance was a proximate cause of his injury. The law in this regard was not covered by any other instruction. It is reversible error to fail to instruct the jury properly upon an issue which is pleaded and supported by evidence. *DeKoning v. Williams*, 47 Wn. (2d) 139, 286 P. (2d) 694 (1955).

Appellant assigns error to the giving of instruction No. 14, which reads as follows:

"The care required of a person who has become intoxicated voluntarily is the same as that required of one who is sober. If he fails to use that degree of care for his own safety which an ordinarily prudent sober person would exercise under the same or similar circumstances, and such

failure contributes as a proximate cause of the injury complained of, he is guilty of contributory negligence."

This instruction was erroneous and prejudicial for two reasons:

(1) When intoxication is relied upon as a factor in establishing negligence, it must be specially pleaded. *Lubliner v. Ruge*, 21 Wn. (2d) 881, 153 P. (2d) 694 (1944). It was not within the pleadings in the instant case. We recognize the rule that pleadings may be deemed amended to conform with the proof, but there was insufficient evidence here to include intoxication as a factor in establishing contributory negligence.

(2) Under the facts of this case, the instruction constituted a comment on the evidence, and removed the question of intoxication from the jury. It assumed that the appellant was intoxicated at the time of the accident, and that the law announced in the instruction was, therefore, applicable.

Appellant next assigns error to the admission into evidence, over objection, of testimony regarding the results of an experiment, a part of which was conducted in the presence of the jury.

The testimony attempted to establish that the appellant required eight and eight-tenths seconds to walk across east Madison street from the south curb to the point of the impact, and that the respondent, accelerating his car uniformly from a stopped position to a speed of ten miles an hour at the point of impact, required eight and two-tenths seconds to traverse the intersection, thus tending to establish that the appellant started to cross the street six tenths of a second after the light had turned amber toward him. The walking speed of the appellant was determined by requiring him to walk twenty feet in the presence of the jury, during which time two stop watches were used to clock his travel time.

The trial court, in the exercise of its discretion regarding the *admissibility* of experiments as evidence, is governed by the following general rules: (1) The results of

experiments are inadmissible, where the experiment is *inconclusive* or raises a number of collateral issues. 32 C. J. S. 440, § 587. (2) All of the conditions of the experiment must be conceded to be substantially similar. *State v. McMurray*, 47 Wn. (2d) 128, 286 P. (2d) 684 (1955). (3) Experiments are admissible when they afford evidence which is more satisfactory or reliable than oral testimony. 20 Am. Jur. 627, § 755. The ultimate test for the admissibility of an experiment as evidence is whether it tends to enlighten the jury and to enable them more intelligently to consider the issues presented. 32 C. J. S. 440, § 587.

The determination, from the experiment, that appellant started to cross the intersection six tenths of a second after the signal had turned amber for him could have resulted from an error in any one of several variables, among which the following are apparent: (1) The length of time that was required by MacRae to set his automobile in motion, after the light changed to green for him, (2) his ability to determine and recall (one year later) that he *uniformly accelerated* the speed of his automobile from a stopped position to that of ten miles an hour, (3) respondent MacRae's memory as to *when* he applied the brakes, (4) the determination of the point of impact, and (5) the speed at which the appellant walked across the intersection just prior to the impact.

The experiment did not enlighten the jury as to whose testimony was more reliable, in that it disregarded the evidence adduced by the appellant. The result of an experiment which rests upon the testimony of the party offering it, and disregards the conflicting evidence adduced by the opposing party, has no more probative value than the oral testimony upon which it is based. The experiment in the instant case was too inconclusive, inaccurate, and speculative to be of any probative value. *Washington v. Seattle*, 170 Wash. 371, 16 P. (2d) 597, 86 A. L. R. 113 (1932); *Lincoln Taxi Co. v. Rice* (Ky.), 251 S. W. (2d) 867 1952). The evidence of the experiment could only tend to

confuse the jury and was, therefore, prejudicial to the appellant.

We find no merit in appellant's remaining assignments of error.

The judgment is reversed, with instructions to grant appellant's motion for a new trial.

MALLERY, FINLEY, and HUNTER, JJ., concur.

HILL, C. J., concurs in the result.

May 28, 1958. Petition for rehearing denied.