[No. 35915.    Department One.    August 2, 1962.]

ELEANOR MANNISTO, *Respondent*, v. BOEING AIRPLANE COMPANY, *Appellant*.*

*Lycette, Diamond & Sylvester* and *Earle W. Zinn,* for appellant.

*Olwell & Boyle* and *Clinton H. Hattrup,* for respondent.

*Reported in 373 P. (2d) 496.

Rosellini, J.—In appealing from a judgment on a verdict in favor of the plaintiff, who brought this suit to recover for personal injuries sustained by her in the course of her employment, the defendant contends that it is entitled to a new trial because of errors committed by the trial court in giving and refusing instructions to the jury. Our review of the case has led us to the conclusion that this contention is correct.

The evidence showed that the plaintiff was employed by the defendant as a mechanic, working on the "graveyard shift"; that on the morning of February 9, 1959, after punching the time clock and starting to make her way out of the building, she left the marked transportation aisle and started to walk across an area where some dollies and jitneys were parked. She stumbled over the tongue of one of these dollies, fell, and broke an arm.

It was customary for the jitney operators to leave the tongues in an upright position when the dollies were not in use. The plant rules, which were published, posted, and communicated orally to the employees, required them to walk in the transportation aisles and not to invade work areas other than their own. The area which the respondent was crossing when she was injured, however, was an unused apron on which airplanes under construction had formerly been kept, and it was the custom of employees in the adjoining work area, where the plaintiff was assigned, to use this area as a short cut for egress and ingress.

At the time the accident occurred, the plaintiff, who was proceeding toward a first-aid station on the north end of the apron, had glanced up at a jitney operator and consequently did not see the tongue in her path.

This case was tried on the theory that, in allowing the dolly to be parked with the tongue down in an area where employees were accustomed to walk, the defendant failed to provide the plaintiff a safe place to work. The defendant has not questioned the appropriateness of this theory, and

we will therefore proceed on the assumption that it applies to the facts of the case.[1]

A number of the defendant's assignments of error pertain to the giving and refusing of instructions concerning its theory that the plaintiff was not in a place where she was authorized to be when the accident occurred and that her status at that time was that of a mere licensee.

■ In instruction No. 11, the court told the jury that the defendant had in force and effect certain plant rules that required the plaintiff to walk in designated areas. The defendant assigns error to this instruction because it was incomplete and did not inform the jury of the legal effect of these rules; and it also assigns error to the refusing of its proposed instructions Nos. 11, 12, and 13. These instructions set forth the defendant's theory of the duty of the plaintiff to obey plant rules. According to its theory, the plaintiff had an unqualified duty to obey plant rules and was guilty of contributory negligence as a matter of law. But we do not find that the law imposed upon her such a stringent duty.

"The accepted doctrine is that, if the evidence clearly shows that the injury complained of was caused by the servant's violation of a rule promulgated for the protection of the class of employees to which he belonged, under such circumstances as those attending the accident, a court is justified in declaring him to have been, as a matter of law, guilty of contributory negligence, provided that the rule in question was valid and reasonable; that its observance under the given circumstances was possible without infringing another rule or duty of paramount obligation; that its contents were known to him, either actually or constructively; that it had been neither abrogated, nor suspended, nor waived at the time when the injury was received; and that he was chargeable with notice of the fact that the conditions which the rule was framed to meet existed at

---

[1]Inasmuch as the object over which the plaintiff fell was not a part of the building and was left there through the negligence of another employee, it would appear arguable that it was not a part of the premises but rather was a "transient condition" or an "operative detail." See 35 Am. Jur. 784, § 359; and see definitions of "place to work" in 32A Words and Phrases (Perm. ed.) 181.

the time when the injury was received." 3 Labatt's, Master & Servant (2d ed.) 3581, § 1281.

In § 1283 of the same treatise it is said that the fact that a servant has violated a rule will not prevent recovery under some circumstances, among them circumstances which would estop the employer from asserting that the rule was still in effect—as, where the rule had been habitually disregarded, and that disregard was known to and acquiesced in by the employer.

██  We cannot say that the court erred in refusing the instruction proposed by the defendant or in giving the incomplete instruction that did not mention the legal effect of the rules which the defendant had promulgated. The instruction offered by the defendant did not contain the qualifications applicable under the facts of the case, and the court was not obliged to compose its own instruction embodying them. In this case, there was evidence which, if believed by the jury, would justify a finding that the rules had been habitually disregarded and that this fact was known to and acquiesced in by the employer. Consequently, an instruction which did not advise the jury of this phase of the law would have been erroneous. Upon a new trial, however, an instruction explaining the legal effect of the rules of the defendant should be given if it is requested and if it correctly states the law.

██  The defendant also urges that the court erred in failing to instruct the jury that the duty of an employer to provide a safe place to work extends only to those areas in which the employee is authorized to be. The proposed instruction (No. 9), did not take into account the fact that there may be an implied as well as a specific authorization. As stated in 35 Am. Jur. 613, § 185, the general rule is that an employer is required to provide for the safety of that portion of his premises where his employees are required to labor, and of other places thereon which they are expressly or impliedly invited and permitted to use, or which the employer knows or ought to know they are accustomed to use. If the instruction had correctly stated this principle,

it should have been given; but since it was incomplete, the refusing of it was not error.

■ Error is assigned to the refusal of instructions relating to the fellow-servant doctrine. Since both sides tried this case on the theory that the negligence of the defendant, if any, was in failing to provide a safe place to work, the fellow-servant doctrine was inapplicable. The duty to provide a safe place to work cannot be delegated.

In its instruction No. 17, the court advised the jury:

"If you find, by a preponderance of the evidence, that an employee of the defendant left a cart or wagon, with its handle extended across the floor, in an area in which defendant knew, or should have known, that other employees would be traversing, you are instructed that this would constitute an unsafe place in which to work."

■ This instruction usurped the function of the jury on a material issue. As we have indicated earlier in this opinion, it can be argued that, as a matter of law, the leaving of the tongue, or handle, extended across the floor, did not render the premises an unsafe place to work but simply created a temporary hazard. But that argument has not been made in this case, and we must assume that the "safe place to work" doctrine is applicable. Even so, it cannot be said as a matter of law that the condition of the premises was not reasonably safe, and the court erred in taking the question from the jury.

■ Objection is also made to instruction No. 12, wherein the court advised the jury that the employer has a duty to promulgate safety regulations and is bound to see that the rules adopted are effectively enforced. The defendant contends that this instruction, in effect, told the jury that the employer is an insurer of the safety of his employees. It is true that this language is found in 35 Am. Jur. 585, § 154. However, when read in the context in which it is found, the rule as stated does not purport to impose upon the employer an absolute duty to enforce the regulations which he has placed in effect, but only to use reasonable care in this regard.

"An employer . . . is . . . under the obligation

of enforcing the rules, in so far as that result can be attained by exercising a reasonably careful supervision over his business and his servants. . . ." 3 Labatt's, Master & Servant (2d ed.) 2962, § 1120.

Since the instruction failed to make this point clear, it is quite possible that it was misunderstood by the jury which may have concluded that because the injury was obviously the result of disobedience of the rules by two employees (the plaintiff and the unidentified employee who left the tongue down), the defendant was automatically liable, having failed to enforce its own rules. An instruction that the defendant was only required to exercise reasonable care in making and enforcing rules might well have produced a different verdict.

On a retrial of this cause, we think the court should endeavor to avoid the repetitiveness which characterizes the instructions as a whole, tending to give undue emphasis to the plaintiff's case.

The judgment is reversed and the cause remanded for a new trial.

FINLEY, C. J., DONWORTH, WEAVER, and FOSTER, JJ., concur.