[No. 37449.   Department One.   May 20, 1965.]

VIVIAN MIDDLETON, *Respondent*, v. ROBERT KELTON et al.,
*Appellants*.*

*Hugh R. McGough*, for appellants.

*Ferguson & Burdell*, by *W. Wesselhoeft*, for respondent.

HUNTER, J.—This is an action to recover damages for personal injuries sustained by the plaintiff (respondent), Vivian Middleton, in an automobile accident. She was a passenger in an automobile driven by her son, which was traveling north in the outside lane on the Montlake Bridge in the city of Seattle on November 23, 1961. Directly in front of the Middleton vehicle was another automobile driven by one Tina Fournier. A third automobile, in the inside lane, driven by one of the defendants (appellants), Marcella Kelton, passed the Middleton and Fournier vehicles, and, in turning to the right into the outside lane in front of the Fournier

*Reported in 402 P.2d 493.

vehicle, veered out of control and into a spin on the wet and slippery bridge grillwork. Tina Fournier brought her vehicle to a stop to avoid colliding with the defendant's car. The Middleton vehicle thereupon collided into the rear of the Fournier vehicle, causing injuries to the plaintiff.

The plaintiff alleged that the defendant's marital community, Marcella and Robert Kelton, was negligent in that Mrs. Kelton drove her automobile at an excessive speed, in an intoxicated condition, and lost control of her automobile when turning in front of the Fournier vehicle after passing it. Plaintiff further alleged that the ensuing collision between the Middleton and Fournier vehicles was proximately caused by the defendant's negligence in losing control of her car, resulting in the plaintiff's injuries.

The defendants, to whom we will refer in the singular, as "Mrs. Kelton," deny that she was intoxicated or guilty of any negligent conduct, and assert that her vehicle's skidding was not the proximate cause of the accident. The case went to trial before a jury, which returned a verdict in favor of the defendant.

The plaintiff moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court granted the plaintiff's motion for judgment notwithstanding the verdict and entered judgment, ruling as a matter of law that the defendant was negligent and that her negligence was the proximate cause of the accident. A new trial on the sole issue of damages was ordered. The order further provided, in the alternative, that should this court set aside the trial court's judgment notwithstanding the verdict, a new trial of the entire cause should be granted for the following reasons: (1) The trial court erred in not fully and properly instructing the jury on the issue of intoxication, and (2) in not granting the plaintiff's timely motion for a directed verdict on the issue of liability. The defendant appeals.

The defendant contends that the trial court erred in setting aside the jury verdict; that by viewing the evidence in

a light most favorable to the defendant, the jury could have found that the defendant was free from negligence.

We have carefully reviewed the evidence and find it to be in dispute on all issues of negligence.

On the issue of *speed,* the defendant testified that she was not exceeding the speed limit. The bridge tender testified that he was familiar with the noise of an automobile traveling at high speed over the grillwork of the bridge, and that he heard no such noise immediately prior to the collision. An engineer, as an expert witness, testified that the speed would not have been excessive by his calculations, from the length of the skid.

On the issue of *intoxication,* the defendant testified that on the day in question, she was distraught and emotionally upset, and went into a tavern about three blocks from the bridge just before the accident. She testified that while there, over a period of 15 minutes, she drank a large glass of beer, and, that the bartender gave her a straight drink of vodka "just as I was leaving." She testified that she then felt relaxed, but was not intoxicated. Later, at the scene of the accident, the investigating officer stated that, in his opinion, the defendant was not too intoxicated to drive.

On the issue of the defendant's *negligent change of lanes,* the defendant testified that she made a normal and reasonable turn into the outside lane, in front of the Fournier vehicle.

On the issue of *skidding,* the record shows that an instruction was given, to which no exception was taken, stating that negligence cannot be inferred from the skid of a car, alone.

■ In view of the foregoing testimony, and the law of the case on the consideration of the evidence of the defendant's skidding, we are satisfied that there was sufficient evidence, which the jury was entitled to believe, to support the jury's verdict for the defendant. The trial court erred in entering the judgment notwithstanding the jury verdict.

The defendant further contends that the trial court erred in granting, in the alternative, a new trial on the grounds

of its failure adequately to instruct the jury on the issue of intoxication. The defendant contends that there was insufficient evidence of the defendant's intoxication to require the giving of instructions on this issue. We disagree.

In addition to the evidence which we have heretofore recited on the issue of the defendant driving her automobile while intoxicated, there is the evidence of her erratic driving. There is testimony that she swerved in the road prior to arriving at the bridge; that she stopped her vehicle in the outside lane before reaching the bridge; that she was driving 50 miles per hour in a 30 m.p.h. zone, and that her turn into the outside lane ahead of Tina Fournier, just before defendant's vehicle went into the spin, was sharp and abrupt. These are all circumstances the jury was entitled to consider on the issue of whether the defendant was driving while in an intoxicated condition.

We are satisfied that the issue of the defendant's intoxication was a jury question and that the trial court, therefore, erred in failing to instruct the jury on this theory of the defendant's negligence.

█ The rule is well established that a plaintiff is entitled to have the jury instructed on his theory of negligence in the case. *Smith v. McDaniel,* 53 Wn.2d 604, 335 P.2d 582 (1959); *Sewell v. MacRae,* 52 Wn.2d 103, 323 P.2d 236 (1958).

The defendant argues that plaintiff's proposed instruction No. 19-A, on the issue of intoxication, was defective in that it constituted a comment on the evidence, and that the trial court was not obligated to modify it or compose its own instructions, under the rule of *Mannisto v. Boeing Airplane Co.,* 60 Wn.2d 304, 373 P.2d 496 (1962).

The objectionable language contained in the instruction is as follows:

The care required of a person who has become intoxicated voluntarily is the same as that required of one who is sober.

█ The defendant relies upon *Sewell v. MacRae, supra,* for authority that proposed instruction No. 19-A constitutes

a comment on the evidence. In that case, we held that a similar instruction, with identical language in the first sentence, constituted a comment on the evidence because it assumed the plaintiff's intoxication. There, however, intoxication had not been pleaded, and the issue of intoxication was raised for the first time in the instruction given. We were, therefore, correct in holding that the instruction constituted a comment on the evidence.

■ Although we do not approve of the form of the proposed instruction No. 19-A, in the instant case, had the trial court given the plaintiff's proposed instruction No. 1 upon the outline of issues, the issue of intoxication would have been raised independently of No. 19-A. Instructions must be read in their entirety. By reading the plaintiff's proposed instruction No. 1 with No. 19-A, it is clear the issue of intoxication was for the jury and that the intoxication of the defendant was not assumed in instruction No. 19-A. Giving the proposed instructions together would have cured the vice of No. 19-A, which it otherwise would have had standing alone. The trial court, in failing to give the proposed instructions, denied the plaintiff's right to have the jury instructed on one of her theories of the defendant's negligence. *Smith v. McDaniel, Sewell v. MacRae, supra.* This constituted prejudicial error.

The trial court, therefore, correctly granted the plaintiff a new trial in the alternative on this ground; however, on the retrial, proposed instruction No. 19-A should be revised to obviate the objections interposed.

The judgment of the trial court in favor of the plaintiff on the issue of liability notwithstanding the jury verdict is reversed.

The judgment, in the alternative, granting a new trial on all issues is affirmed. Costs will abide the final determination of the cause.

ROSELLINI, C. J., HILL and OTT, JJ., and MACIVER, J. Pro Tem., concur.

August 6, 1965. Petition for rehearing denied.