[No. 38790. Department One. April 6, 1967.]

GRACE MARTIN, *Appellant*, v. WILLIAM W. KIDWILER *et al.,*
*Respondents.**

*John F. Raymond,* for appellant.

*Ogden, Ogden & Murphy* and *Raymond D. Ogden, Jr.,* for
respondents.

BARNETT, J.†—The plaintiff, Grace Martin, appeals from
a jury verdict in favor of the defendant and from the
judgment on the verdict dismissing her personal injury
suit.

The defendant is a businessman in Seattle and employs a
number of salesmen, one of whom is Norman Larson. Late
in the afternoon of August 17, 1963, the defendant had a
business conference with Mr. Larson at a cocktail lounge.

*Reported in 426 P.2d 489.

†Judge Barnett is serving as a judge pro tempore of the Supreme
Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

During the discussion each of the men consumed several alcoholic drinks. Around 6 p.m., the defendant invited Mr. Larson to accompany him home for dinner. The invitation was accepted with Mr. Larson requesting that he have Grace Martin join him for the dinner. The defendant agreed. The plaintiff was brought to defendant's home, and then a second lady, Mrs. Brawley, was invited to join the group. Mr. Larson drove to get Mrs. Brawley and returned to defendant's home about 9 p.m.

The defendant and his three guests drank alcoholic beverages during the evening, and about 10 p.m. dinner was prepared. The plaintiff volunteered to cook the french-fried potatoes. After being shown the pots and pans and other necessities, the plaintiff prepared and cooked the french fries. She made one batch for Mr. Larson who had decided to eat earlier than the others. The plaintiff started a second batch of french fries. Meanwhile, the steaks and salad were served on the patio outside the kitchen. Plaintiff went out to the patio to join Mrs. Brawley and the defendant while waiting for the second batch of french fries to cook on the stove. As the three were thus engaged in eating their steaks and salad, and waiting for the second batch of fries to cook, the defendant happened to look toward the kitchen and saw that it was on fire. The source of the fire was apparently the pot in which the french fries were being cooked. The defendant dashed for the kitchen, grabbed the handle of the flaming pot with his bare hands and threw it out the door onto the patio. He extinguished the remaining fire in the kitchen and returned to the patio to find that the plaintiff had been hit and burned by the hot oil he had thrown out the patio door.

It is contended by the plaintiff that the trial court erred in submitting instructions to the jury on contributory negligence and volenti non fit injuria. Our perusal of the record leads us to conclude that the trial court was correct in submitting the question of plaintiff's contributory negligence to the jury. We do, however, conclude otherwise as to the volenti non fit injuria instruction given by the trial court.

■ The volenti non fit injuria maxim requires that two questions be answered in the affirmative in order that this defense be validly established. Those questions are: "Did plaintiff (1) know of and appreciate the danger or risk involved, and also (2) did he voluntarily consent to expose himself to it . . . ." *Kingwell v. Hart,* 45 Wn.2d 401, 405, 275 P.2d 431 (1954). See also *Handler v. Osman,* 60 Wn.2d 800, 376 P.2d 439 (1962).

We have held that there is no distinction between the general theory underlying the doctrine of assumption of risk and the maxim of volenti non fit injuria. "Both are predicated upon knowledge and appreciation of the danger and voluntary exposure or assent thereto." *Bailey v. Safeway Stores, Inc.,* 55 Wn.2d 728, 731, 349 P.2d 1077 (1960). In *Tabert v. Zier,* 59 Wn.2d 524, 368 P.2d 685 (1962), this court discussed the defense of assumption of risk and suggested that the knowledge and appreciation by the plaintiff is to be directed toward the particular danger or risk which ends in the plaintiff's injury. In *Vierra v. Fifth Ave. Rental Serv.,* 60 Cal. 2d 266, 383 P.2d 777 (1963), the California Supreme Court held that it was prejudicially erroneous to instruct the jury on assumption of risk when the plaintiff had no knowledge of the specific danger that resulted in his injury, even though an instruction on contributory negligence was also given. In this California case the plaintiff had been warned and presumably knew of a danger from flying concrete being chipped by one of the defendants, but plaintiff's injury was caused by a single sliver of steel flying off one of the tools used in the process of breaking up a concrete portion of a building. In the opinion the California court stated at 270:

It [the doctrine of assumtion of risk] applies only when the accident arises from a danger known to the victim before the accident, and where the evidence shows that the victim voluntarily chose to enter or to remain in the zone of known danger. . . .

[B]efore the doctrine is applicable, the victim must have not only general knowledge of a danger, but must have

knowledge of the particular danger, that is, knowledge of the magnitude of the risk involved.

. . . .

In this state the rule is clearly established that before the jury may be properly instructed on the doctrine there must be evidence not only that the plaintiff knew that he was stepping into a place of danger, but also had actual knowledge of the specific danger involved.

And it was held, as stated above, that an instruction on assumption of risk was erroneous when the plaintiff has no knowledge or appreciation of the specific risk or danger. See also *Grey v. Fibreboard Paper Prods. Co.*, 65 Cal. 2d 240, 418 P.2d 153 (1966).

In the present case it is obvious that the plaintiff had knowledge of a general danger, a burning house, however, there is no evidence that she knew of the particular danger that resulted in her injury. The plaintiff did not know that the defendant would throw the burning oil out through the patio door nor was she warned by the defendant. Without this knowledge there could be no appreciation by the plaintiff of the risk she took by remaining on the patio. The record being void of evidence of one of the essential criteria of the maxim of volenti non fit injuria, it was erroneous to give an instruction on this defense.

■ The trial court gave an instruction on unavoidable accident to which the plaintiff also assigns error. The instruction was also erroneously given. The evidence in the case presented the jury with the questions of the negligence of the defendant and contributory negligence on the part of the plaintiff. See *Cooper v. Pay-N-Save Drugs, Inc.*, 59 Wn.2d 829, 371 P.2d 43 (1962).

These errors require a reversal of the judgment below and a remand for a new trial.

In view of this result we will briefly comment on plaintiff's other assignments of error. The plaintiff asserts that the trial court failed to instruct the jury on her theory of the case as indicated by her proposed instruction which reads as follows:

The care required of a person who has become intoxicated voluntarily is the same as that required of one who

is sober. If he fails to use that degree of care which an ordinarily prudent sober person would exercise under the same or similar circumstances, he is negligent, and if that negligence is a proximate cause of the injuries and damages complained of, such person is liable unless the Plaintiff herself was guilty of contributory negligence.

In lieu of plaintiff's proposed instruction the court gave the following instruction:

The standard of care required of a person who has become intoxicated voluntarily is the same as that required of one who is sober. By giving this instruction the court does not mean to indicate whether or not either party was intoxicated.

 The instruction as proposed by the plaintiff is incorrect. It assumed that the defendant was intoxicated and under the facts of this case the instruction constituted a comment on the evidence. Whether or not the defendant was intoxicated is a jury question and the trial court was correct in refusing to give the proposed instruction. *Sewell v. MacRae*, 52 Wn.2d 103, 323 P.2d 236 (1958).

 The trial court gave an instruction on the emergency doctrine, but it failed to state that this defense is not available to one whose own negligence brought about the emergency with which he is confronted. The plaintiff requested that this missing element of the emergency rule be included in the instruction. This was denied with the trial court commenting: "But in this instance the fire cannot be said to have been created by any negligence on the part of the defendant." The trial court was correct in its denial. The fire created the emergency. There is not even a scintilla of evidence that the defendant was at fault in causing the fire.

Finally, the plaintiff contends that the trial court should have given an instruction on last clear chance. We disagree.

Judgment is reversed and a new trial granted.

DONWORTH, WEAVER, ROSELLINI, and HUNTER, JJ., concur.