[No. 35644.  Department One.  September 28, 1961.]

LEON EARL GUYTON, *Respondent*, v. TEMPLE MOTORS, INC.,
*Appellant*.*

*Scott, Langhorne & McGavick*, by *Donald H. McGavick*,
for appellant.

*Comfort, Dolack & Hansler* (*Robert A. Comfort*, of coun-
sel), for respondent.

WEAVER, J.—The defendant, a corporation owning and
operating a new and used car business, appeals from a
$443.38 judgment.

Plaintiff commenced this action to rescind the contract
of purchase of an automobile.  His first cause of action is
based upon alleged false representation; his second cause
of action, in the alternative, is based upon breach of an
implied warranty.  During trial, the court allowed plaintiff
to amend his complaint by adding a third alternative

*Reported in 365 P. (2d) 14.

claim for damages in the sum of $700. The first two claims for relief were dismissed. A judgment for money damages was entered on the third claim.

The assignments of error may be classified as follows: First, those directed to procedure; second, those directed to findings of fact; and third, those dependent upon our disposition of the first two categories.

■ When the court permitted plaintiff to amend his complaint during trial, defendant did not claim surprise and did not request a continuance. Allowance of the amendment was clearly within the trial court's discretion. Rule of Pleading, Practice and Procedure 15, RCW, Vol. 0, embodies our former procedure and provides that leave to amend shall be given freely when justice so requires. *Burlingham-Meeker Co. v. Thomas, ante* p. 79, 360 P. (2d) 1033 (1961); *Criscola v. Guglielmelli,* 50 Wn. (2d) 29, 308 P. (2d) 239 (1957); *Palin v. General Constr. Co.,* 47 Wn. (2d) 246, 287 P. (2d) 325 (1955).

■ Defendant waived its challenge to the sufficiency of the evidence made at the close of plaintiff's case when it proceeded to present evidence of its defense. *Fossum v. Timber Structures, Inc.,* 54 Wn. (2d) 317, 329, 341 P. (2d) 157 (1959).

We paraphrase the questioned findings of fact. The trial court found: that defendant's sales agent represented to plaintiff that the automobile had been driven from the factory to Tacoma, Washington, was the same as a new car, and carried a new-car warranty; that the car had been driven East before being driven to Tacoma; that the representations were false, fraudulent, and untrue; that the automobile was a used car and did not carry a new-car warranty or any warranty whatsoever; that the representations were made with knowledge of their falsity and with intent that they be relied upon by plaintiff, who did rely upon them; that the sales price of the automobile was $3,296.33, and its reasonable value, at the time of sale, was $2,770; that plaintiff was given an over-allowance of $100 on the trade-in value of his old car.

■ Nothing would be added to the case law of this

jurisdiction by detailing the conflict of testimony introduced by the parties. It is sufficient to state that the record contains substantial credible evidence to support the findings of fact of the trial court. We cannot disturb them. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

The foregoing disposes of defendant's remaining assignments of error; they are not well taken.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.