ERIC HEINZ, *Appellant,* v. BLAGEN TIMBER COMPANY *et al.,*
*Respondents.**

*Edwin R. Johnson* (of *Johnson, Griffin, Boyle & Enslow*),
for appellant.

*Parker & Parker,* by *Lester T. Parker,* for respondents.

BARNETT, J.†—On May 22, 1962, Lewis W. Sauer was driving a camper pickup south on Highway 101 between Hoquiam and Lake Quinault, Grays Harbor County, Washing-

*Reported in 431 P.2d 173.

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

ton. He was being followed in line by Wayne Weir in his car and Daniel G. Williams in a pickup owned by the Blagen Timber Company. The time was about 11 a.m., and the roadway was wet from intermittent rain. At the same time and in the same vicinity, Eric Heinz was driving north on Highway 101. As the three southbound vehicles moved into a straight stretch of the road, Daniel G. Williams turned into the northbound lane of traffic and passed both the Weir car and the Sauer pickup. Williams then moved back into his proper lane. After the Blagen pickup had passed the Weir car, Wayne Weir turned into the northbound lane of traffic attempting to pass the Sauer pickup. Weir saw a northbound vehicle approaching and swung back into his lane of traffic without passing the Sauer pickup.

Eric Heinz was driving north and he came over a hill into this same straight stretch of the highway. He saw a southbound vehicle move into his lane of traffic, thus found both lanes of traffic ahead blocked. Heinz testified that he "stood" on the car brakes attempting to slow down to let the other vehicle get back into its proper lane of traffic. He lost control of his car which swerved several times across the center line. Williams drove the Blagen pickup past the swerving car without mishap. On what was the last swerve the Heinz car crossed the center line into the southbound lane of traffic and hit the Sauer vehicle. Both cars were traveling approximately 50 miles per hour. Eric Heinz' wife and child were killed in the collision. Those in the Sauer vehicle, Mr. and Mrs. Sauer, and Judith Kay Sauer, received serious injuries.

As a result of the accident three separate law suits were commenced. Mr. and Mrs. Sauer brought action against Eric Heinz, the Blagen Timber Company and Daniel G. Williams. Judith Kay Sauer brought a separate action against Heinz, Blagen Timber Company and Williams. In a third suit Eric Heinz sought recovery of damages from Blagen Timber Company and Williams. These cases were consolidated for trial.

In the case of Eric Heinz against Blagen Timber Com-

pany and Daniel G. Williams, the jury returned a verdict in favor of the defendants. Heinz appeals from a judgment denying his motion for a new trial and dismissing his action against Blagen Timber Company and Daniel G. Williams. This appeal is upon a short record pursuant to ROA 34(3), RCW vol. 0.

Heinz filed a concise statement of points upon which he intended to rely. He makes his assignments of error in conformance with his four points in the concise statement.

We are met at the threshold with the contention of the defendants Blagen Timber Company and Daniel G. Williams that, notwithstanding error, if any, the judgment must be affirmed because the evidence was insufficient to take the case to the jury.

■ At the close of plaintiff's case and at the close of the entire case, defendants challenged the legal sufficiency of the evidence and moved for a dismissal. The defendants waived their challenge to the sufficiency of the evidence made at the close of plaintiff's case when they proceeded to present evidence of their defense. *Guyton v. Temple Motors, Inc.,* 58 Wn.2d 828, 365 P.2d 14 (1961).

We cannot review the sufficiency of the evidence after all parties had rested since the case is here on a short record which does not purport to contain all the material facts pertaining to the sufficiency of the evidence. The plaintiff proposed a statement of facts. Thereafter defendants proposed a "supplemental statement of facts." In neither of the proposed statements of fact did the trial judge certify "that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or such thereof as the parties have agreed, to be all that are material therein." ROA 37, RCW vol. 0.

■ ■ In the absence of such a certificate it must be presumed that the statements of fact before this court do not include all the material facts and thus we are advised that all the material facts which were before the trial court and which controlled its action are not before us. *Baskett v.*

*Seattle,* 200 Wash. 442, 93 P.2d 769 (1939); *State ex rel. Miller v. Seattle,* 45 Wash. 691, 89 Pac. 152 (1907). Since the plaintiff brought this appeal on a short record it is necessary for him to provide a statement of facts which embodies only so much evidence and record as bears upon the questions sought to be reviewed. If the defendants desired to test the sufficiency of the evidence at the close of the case, the burden was upon them to furnish this court with a record within the purview of ROA 37, RCW vol. 0. In *Fuller v. Friedman,* 135 Wash. 116, 118, 237 Pac. 293 (1925), we said:

> [T]hat where, upon the consideration of a motion for a new trial, the court enters an order granting the motion on one or more specific grounds less than the whole number covered by the motion, and the adverse party appeals, it shall be his duty to present on the appeal in a proper manner such portions of the record, including the facts, if any, full and complete, as shall be necessary for the consideration of the grounds or reasons against him as stated in the order granting the motion, and that *while the respondent may urge on the appeal all grounds covered by his motion and will not be limited to the specific ground or grounds stated in the order, the burden is on him to furnish in a proper manner such additional record, including the facts, if any, full and complete, as may be necessary for his purposes.* (Italics ours.)

The plaintiff urges by his first assignment of error that since his theory of the case is that he was on the wrong side of the road when the collision occurred because of an emergency created by the negligence of the defendants and not by his own negligence, the trial court erred in failing to give his proposed instruction on the emergency doctrine which specifically applied to himself alone. The trial court did give a general instruction covering the emergency doctrine, however, this instruction did not specify that it was only applicable to the plaintiff.

The defendants do not argue in this court that the plaintiff's proposed instruction does not properly state the emergency doctrine. They do argue, however, that since no other party to the lawsuits was claiming he had acted in an

emergency situation the instruction given by the trial court was sufficient. It could only be applied by the jury to the plaintiff's acts, contend the defendants.

■ We agree with the plaintiff that the given instruction could have confused the jury since the jury could have erroneously applied the instruction to the defendants. We have held in a long line of cases that each party is entitled to have his theory of the case presented to the jury if there is evidence in the record to support it, and this right is not affected by the fact that the law is covered in a general way by the instruction given. *Bunnell v. Barr*, 68 Wn.2d 771, 415 P.2d 640 (1966); *Middleton v. Kelton*, 66 Wn.2d 309, 402 P.2d 493 (1965); *Dabroe v. Rhodes Co.*, 64 Wn.2d 431, 392 P.2d 317 (1964); *DeKoning v. Williams*, 47 Wn.2d 139, 286 P.2d 694 (1955).

In *DeKoning v. Williams, supra,* the appellant-plaintiff was involved in an automobile accident with a second car. The appellant's car was partially on the wrong side of the road when the collision occurred. Appellant brought an action for damages relying solely on the emergency doctrine to explain why he was in the wrong lane of traffic. He requested an instruction applying the emergency doctrine to himself alone, but this proposed instruction was rejected by the trial court. The jury returned a verdict for defendant. In reversing the case for failure to give the essence of appellant's proposed instruction on the emergency doctrine, we said at 141-42:

> Where, as in this case, the appellant has but one single theory upon which he seeks to recover, that of justifying the driving of his automobile into respondent's lane of travel because of an emergency created by the respondent, and having timely requested an instruction thereon, he was entitled to have his theory of the case specifically presented to the jury by a special instruction that the emergency doctrine announced by the court applied to the appellant alone. The general instruction given confused the jury because it, in effect, informed the jurors that the emergency doctrine was applicable to the respondent, as well as to the appellant. . . .

We therefore hold that the giving of a single general instruction on the emergency doctrine did not adequately present to the jury the appellant's sole theory of the case, as alleged in the pleadings, and upon which theory the issues were joined and proof was submitted at the trial.

We hold in accordance with *DeKoning v. Williams, supra,* that the failure of the trial court to give a more specific instruction limiting the applicability of the emergency doctrine to Heinz was prejudicial error.

The plaintiff's remaining three assignments of error pivot around the trial court's refusal to consider affidavits of some of the jurors alleging jury misconduct. The allegations were in general that the jury considered matters not properly introduced into evidence.

Although plaintiff properly filed a motion for a new trial the affidavits in support of this motion were not timely filed. The plaintiff did not request an extension of time for filing the affidavits pursuant to RCW 4.76.060. The trial court refused to grant plaintiff's motion for an order for filing them nunc pro tunc because the plaintiff failed to show good cause under the nunc pro tunc statute, RCW 4.32.250. In view of our decision that the judgment must be reversed for failure to properly instruct the jury we do not need to pass on the issues raised by these latter assignments of error.

The judgment appealed from is set aside and a new trial is granted. The costs shall abide the final determination of the cause.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.