[No. 885-3. Division Three. August 8, 1974.]

JOHN S. MOORE et al., Respondents, v. EDWARD WENTZ et al., Appellants.

Kenneth C. Hawkins, for appellants.

John S. Moore, pro se.

McINTURFF, J.—Defendants appeal from the trial court's order granting plaintiffs' motion for summary judgment, permanently enjoining defendants from operating a day-care center in their home, and further appeal from the order of the trial court quashing their motion for reconsideration or a new trial.

Plaintiffs instituted this action, seeking a permanent injunction, enjoining defendants from operating a day-care center out of their home, relying on the restrictive covenants in the plat and in the defendants' chain of title re-

stricting the use of the property to exclusively residential use. On November 10, 1972, a hearing was had on plaintiffs' motion for summary judgment. Counsel for defendants (not counsel on appeal) filed no affidavits in opposition to the summary judgment at that hearing, but instead, requested the court take the matter under advisement and give him time in which to file affidavits opposing the motion. The court agreed, and specifically stated:

> Now . . . if I haven't received your pleadings in Walla Walla, post office box 836—let me take a look at the calendar—10 days—today is the 10th, isn't it,—by Monday the 20th, by then I will decide the matter as it now stands.

Defendants' counsel failed to mail opposing affidavits, thus on the 21st day of November 1972, the trial court entered an order granting summary judgment on plaintiffs' motion. Counsel for defendants filed and mailed a motion for reconsideration or new trial to plaintiffs' counsel on the 29th day of November 1972, and it was received on the 30th day of November 1972.

Argument on the motion for reconsideration or in the alternative for a new trial was set for May of 1973. At that time plaintiffs moved to strike and quash the motion in that it had not been timely served under CR 59(b). The trial court entered an order on June 4, 1973, granting plaintiffs' motion to strike and quashing defendants' petition for rehearing. On June 13, 1973, defendants served and filed their notice of appeal from the order granting summary judgment entered November 21, 1972, and from the order granting the motion to strike and quash entered June 5, 1973.

 Initially, defendants contend the trial court erred in holding that defendants' motion for reconsideration was not timely served under CR 59(b) in that defendants contend the placing of the motion in the mail, postage prepaid, constitutes service.

We do not agree. CR 59(b) in pertinent part provides: "No motion for reconsideration or for a new trial may be served more than 5 days after the entry of the verdict or

oral or written decision." The motion was served by mail, which necessitates interpretation of CR 5(b)(2)(A). It provides:

> If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. The service shall be deemed complete upon the third day following the day upon which they are placed in the mail, unless the third day falls on a Saturday, Sunday or legal holiday, in which event service shall be deemed complete on the first day other than a Saturday, Sunday or legal holiday, following the third day.

In computing whether 5 days have elapsed, we look to CR 6(a):

> In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, a Sunday nor a legal holiday. Legal holidays are prescribed in RCW 1.16.050. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

The order granting summary judgment was entered November 21, 1972. The defendants placed the motion for reconsideration or new trial in the mail on November 29, 1972, and it was received November 30, 1972. In computing the time, November 21 was a Tuesday; Thursday, November 23, was Thanksgiving; November 25 and 26 were Saturday and Sunday; thus under CR 6(a) the defendants mailed the motion on the fifth day and it was received on the sixth day. By mailing on the fifth day, the defendants knew it would not be in the hands of the plaintiffs sooner than the next day (1 day late). Looking at CR 5(b)(2)(A) service by mail is deemed complete 3 days following the day placed in the mail, which would be December 2, or 3

days late. This language, however, does not control when actual service is admitted to have occurred earlier.

Critical to this decision is CR 6(b), which in pertinent part provides: "but it [court] may not extend the time for taking any action under Rules 50(b), 52(b), *59(b)*, 59(d) and 60(b)." (Italics ours.) To analyze CR 6(b) we look to the Federal Rules of Civil Procedure, where the roots of our civil rules found their beginning. In 2 J. Moore, *Federal Practice* ¶ 6.01[6] (2d ed. 1974), it is said at page 1427:

> As to Rule 59 on motions for a new trial, it has been settled that the time limits in Rule 59(b) and (d) for making motions for or granting new trial could not be set aside under Rule 6(b), because Rule 6(b) expressly refers to Rule 59, and forbids it. See *Safeway Stores, Inc. v. Coe* (App DC 1943) 136 F2d 771; *Jusino v. Morales & Tio* (CCA1st, 1944) 139 F2d 946; *Coca-Cola Co. v. Busch* (ED Pa 1943) 7 FR Serv 59b.2, Case 4; *Peterson v. Chicago Great Western Ry. Co.* (D Neb 1943) 7 FR Serv 59b.2, Case 1; *Leishman v. Associated Wholesale Electric Co.* (1943) 318 US 203.

*See also* pages 1425-28. Therefore, neither the trial court nor this court can, under these circumstances, extend the time for service under CR 59(b). The service was not timely.

The cited case of *Devine v. Goggin,* 69 Wn.2d 144, 417 P.2d 606 (1966), is not applicable; CR 6(b) was effective July 1, 1967, subsequent to *Devine.* Nor are *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 522 P.2d 822 (1974), or *Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974), applicable. In *Curtis,* CR 3(a) provides for filing or serving of a complaint in order to commence an action. CR 59(b) requires a motion for reconsideration or for a new trial to be served no "more than 5 days after the . . . decision." As contrasted with *Malott,* defendants supply no reason for the failure to accomplish service within the 5-day period.

Defendants next contend the trial court erred in entering summary judgment. We do not agree. As we initially note, the only affidavit before the court at the time the order was

entered was the affidavit of the plaintiffs. Additionally, under CAROA 33 we do not have jurisdiction to entertain the propriety of the order granting summary judgment since the notice of appeal was not filed within 30 days of the entry of the order or within 30 days of a *timely motion made subsequent to judgment*. The motion for reconsideration or a new trial, by this decision, was not effective because it was not timely served.

Judgment of the trial court is affirmed.

GREEN, C.J., and MUNSON, J., concur.