[No. 46968–7.   En Banc.   April 23, 1981.]

JACK J. BENNETT, *Petitioner,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*

*Critchlow & Williams,* by *Michael E. deGrasse,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Tracy B. Madole, Jr., Assistant,* for respondent.

ROSELLINI, J.—In December 1973, the petitioner suffered an injury to his lower back while working as a carpenter. He had received a previous back injury in Oregon in 1959. Treatment for that injury had involved three surgeries. Nine months after the last surgery, a laminectomy, the petitioner returned to work and had been employed as a carpenter thereafter, working for various employers and in various locations until the occurrence in 1973. After that injury, he was unable to perform the work which had been required of him as a carpenter.

The Department of Labor and Industries closed his claim for compensation with an award of 20 percent permanent partial disability attributable to the 1973 injury. This award was affirmed by the Board of Industrial Insurance Appeals. Petitioner then appealed to the Superior Court, where a jury found that his permanent partial disability was 60 percent of total bodily impairment. The Department's motion for judgment notwithstanding the verdict was denied. The Court of Appeals, Division Three, reversed, holding that there was no evidence to support the following instruction which had been given by the Superior Court:

> If an industrial injury lights up or makes active a latent or quiescent infirmity or weakened physical condition, then the resulting disability is to be attributed to the injury and not to the pre-existing physical condition.

Instruction 10.

This instruction was based upon our holding in *Miller v. Department of Labor & Indus.,* 200 Wash. 674, 94 P.2d 764 (1939), and the subsequent cases in which this court and the Court of Appeals have applied its doctrine.

As explained there, the principle is that

> if the accident or injury complained of is the proximate cause of the disability for which compensation is sought, the previous physical condition of the workman is immaterial and recovery may be had for the full disability independent of any preexisting or congenital weakness; the theory upon which that principle is founded is that the workman's prior physical condition is not deemed the cause of the injury, but merely a condition upon which the real cause operated.

(Citations omitted.) *Miller,* at 683.

Cases of this kind are to be distinguished from those where the worker is already permanently partially disabled, within the meaning of the workers' compensation act, in which circumstances RCW 51.32.080(3) applies. That section requires segregation of the preexisting disability and limits the award to the disability resulting from the later injury.

The question before us is whether there was evidence to justify the jury's finding that the 1973 injury "lighted up" a latent weakened physical condition, or whether the evidence would support only a finding that the injury augmented an existing physical disability.

The causal connection between a claimant's physical condition and his employment must be established by medical testimony. *Parr v. Department of Labor & Indus.,* 46 Wn.2d 144, 278 P.2d 666 (1955). It is not always necessary, however, to prove every element of such causation by medical testimony. If, from the facts and circumstances and the medical testimony given, a reasonable person can infer that the causal connection exists, the evidence is sufficient. *Sacred Heart Medical Center v. Carrado,* 92 Wn.2d 631, 600 P.2d 1015 (1979). This rule is in harmony with our holding in *Bitzan v. Parisi,* 88 Wn.2d 116, 558 P.2d 775 (1977), that lay witnesses may testify to such aspects of physical disability of an injured person as are observable by their senses and describable without medical training, and further that an injured person can testify regarding the subjective aspects of an injury and to the limitations of his

physical movements. The weight of such testimony is for the jury.

The evidence must be viewed in the light most favorable to the petitioner, since he prevailed before the jury. *Venezelos v. Department of Labor & Indus.*, 67 Wn.2d 71, 406 P.2d 603 (1965). The jury's verdict should not be disturbed if there is substantial evidence to support it. *Ehman v. Department of Labor & Indus.*, 33 Wn.2d 584, 206 P.2d 787 (1949).

Here, the petitioner's attending physician, the only medical witness produced at the hearing before the Board, testified that the previous injuries and surgeries had produced a residual weakness in the petitioner's back, putting him more "at risk" of injury than one who had not experienced such a history. He also testified that the 1973 injury lighted up the petitioner's symptoms. He was unable to say from objective findings whether there had been pain or other symptoms prior to the 1973 injury and was forced to rely upon the patient's history. The petitioner had advised the doctor that, prior to the accident, he had experienced some weakness in his left leg. This weakness apparently was not disabling, since according to the testimony of the petitioner and that of his foreman, he had been able to perform all the heavy duties of a carpenter on an industrial project without noticeable difficulty.

The medical witness gave his opinion that the petitioner's disability, which he rated at 60 percent, was due to the 1973 injury and to his preexisting back condition. When pressed to allocate the disability between the two causes, he attributed 40 percent to the preexisting condition and 20 percent to the 1973 injury. It was upon this allocation that the Court of Appeals reversed the judgment on the verdict.

We find that the court erred in that holding. While the doctor attributed the larger part of the petitioner's disability to his back weakness at the time of the accident, he never testified that that weakness had been disabling prior to the 1973 injury. He agreed that the disability was precipitated by the 1973 injury.

Upon this evidence, including the lay testimony that there was little or no disability prior to the injury, the jury was justified in finding that the petitioner, at the time of the 1973 injury, was suffering from a preexisting weakness, rendering him more susceptible to injury than others, but that for a number of years prior to that event, it had not been disabling.[1] Accordingly, the extent of the petitioner's disability having been established by the medical testimony, the finding of the jury that the entire disability resulted from the 1973 injury was supported by the evidence and should have been sustained.

Other errors assigned by the Department, which the Court of Appeals did not find it necessary to consider, have been examined and found to be without merit.

The decision of the Court of Appeals, Division Three (unpublished opinion, March 4, 1980), is reversed and the judgment on the verdict is reinstated.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

---

[1]The petitioner acknowledged on cross-examination that he had received a partial disability award as a result of the injuries suffered in Oregon. The subject was not pursued further, and the amount of the award was not revealed. We have held that receipt of a permanent partial disability award from another jurisdiction does not prevent a claimant from maintaining that he or she has fully recovered and that the immediate injury brought to light what had become a dormant condition. *Rehberger v. Department of Labor & Indus.*, 154 Wash. 659, 283 P. 185 (1929).