[No. 7456–7–II.  Division Two.  May 27, 1986.]

WALT A. OLSON, *Appellant,* v. THE CIVIL SERVICE COMMISSION FOR THE POLICE DEPARTMENT OF THE CITY OF RAYMOND, ET AL, *Respondents.*

*Edward F. Schaller, Jr.,* and *Foster, Foster & Schaller,* for appellant.

*James B. Finlay,* for respondents.

ALEXANDER, J.—Walt Olson appeals an order of the Pacific County Superior Court affirming a denial by the Raymond Civil Service Commission of Olson's request for a hearing on his discharge from the Raymond police force. We reverse.

The following facts are undisputed. Walt Olson commenced his employment as a police officer with the City of Raymond on May 15, 1982, at 10:04 p.m. On November 5, 1982, the chief of police orally notified Olson that he might not be considered for a permanent position on the force. On November 15, 1982, at 8:43 p.m. the chief notified Olson by telephone that Olson's employment was terminated.

Olson sought a hearing before the Raymond Civil Service Commission, but the Commission denied his request. Olson then sought review of the Commission's decision in the Pacific County Superior Court by filing a petition for writ of review. The Superior Court found, after a hearing on Olson's petition, that Olson had been terminated prior to completing his probationary service. It concluded, therefore, that he was not entitled to a hearing under the Rules and Regulations of the Civil Service Commission. Olson appeals that decision to this court.

The critical issue in this case revolves around Olson's claim that he was entitled to a hearing under the Rules and Regulations of the Raymond Civil Service Commission. Section 30 of the Rules provides that employees "who shall

have been permanently appointed" have a right to a hearing on the sufficiency of the reasons for the discharge. Section 27 of the Rules provides that:

No appointment, employment or promotion in any position in the classified service shall be deemed complete until after the expiration of six months probationary service . . .

■ Both parties to this appeal agree that absent a constitutional right to a hearing, Olson would only have a right to a hearing if he had "completed" his 6–month probationary service. We believe that Olson completed his 6 months' service at midnight, November 14, and, therefore, his discharge on November 15 occurred "after" the expiration of his probation. Although we recognize that he did not work a full day on May 15, 1982, that day should be counted as his first full day of work. This conclusion is consistent with the principle that fractional portions of a day should be disregarded in computing the passage of time. *See Pederson v. Moser,* 99 Wn.2d 456, 662 P.2d 866 (1983). That being the case, 6 calendar months clearly elapsed at midnight November 14.

The City of Raymond argues that Olson's first day of employment, May 15, 1982, should not be included and that 6 months did not, therefore, elapse until midnight November 15. They reason that time is to be computed pursuant to the provisions of CR 6(a):

In computing any period of time prescribed or allowed by these rules, by the local rules of any superior court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included . . .

■ We do not believe that CR 6(a) should be applied in this case. We are not called upon to compute time prescribed by any court rule or statute but rather time as prescribed in a regulation. Although apparently the similar

Fed. R. Civ. P. 6(a) has been applied by other courts in cases involving computation of months, *see, e.g., Simon v. Commissioner,* 176 F.2d 230 (2d Cir. 1949), we do not believe that it lends itself well to the computation of months or years. Therefore, absent compelling authority directing employment of CR 6(a) in cases where time is specified only in regulations, we are not inclined to do so. *See also Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981) (the Superior Court Civil Rules "are procedural rules applicable only *after* the commencement of any action.").

As an example, if an individual begins work on the first day of a month he or she has worked 1 month at the end of the last day of that month. To say that the employee has not worked the full month until midnight of the first day of the succeeding month defies logic. In our computation of time, therefore, we are including, as in our example, Olson's first day of work, May 15, 1982, in computing his time of service. Thus, Olson completed his 6 months' probationary service by working from May 15, 1982, through November 14, 1982.

We hold that Olson was a permanent employee of the City of Raymond once he served his 6–month probationary period. Therefore, under the Raymond Civil Service Commission Rules Olson was entitled to a hearing on the propriety of his discharge. The Superior Court erred, therefore, in not ordering that the Commission provide him his requested hearing.

Having ruled that Olson is entitled to a hearing under the Rules and Regulations of the Commission, it is unnecessary for us to deal with Olson's contention that the failure of the Commission to afford him a hearing offended his "liberty interest" and was thus unconstitutional.

We reverse and remand to the Superior Court for Pacific County for the issuance of a writ ordering the Raymond

Civil Service Commission to afford Olson a hearing consistent with those provided permanent employees of the City of Raymond.

REED, A.C.J., and PETRICH, J., concur.