[No. 6928-1-III. Division Three. July 17, 1986.]

JOSE VASQUEZ, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, AM-FAC, *Appellant*.

*Wayne L. Williams* and *Rolland & O'Malley,* for appellant.

*Kenneth P. Schmidt* and *Calbom & Schwab,* for respondent.

THOMPSON, J.—This case involves the interpretation of the filing and notice provisions in RCW 51.52.110 which impact superior court appellate jurisdiction in workers' compensation cases. We affirm.

On April 10, 1982, Am–Fac employee, Jose Vasquez, injured his ankle at work when a grate covering a gutter collapsed under him, catching his foot. However, Mr. Vasquez did not report the incident to the supervisor on duty. While drinking with friends the following evening, Mr. Vasquez fell outside his truck. The next day, Mr. Vasquez was examined by a physician who diagnosed a bimaleolar fracture of the right ankle.

Mr. Vasquez filed an industrial insurance claim which the Department of Labor and Industries (DLI) allowed. Am–Fac, the self–insured employer, appealed and the Board of Industrial Insurance Appeals reversed DLI on September 22, 1983, finding Mr. Vasquez did not sustain an industrial injury. Mr. Vasquez received notice of the Board's denial of his petition for review. He filed a notice of appeal with the Superior Court and mailed copies of the appeal to DLI, the Board, and Am–Fac's attorney.

Am–Fac's motion to dismiss for lack of subject matter jurisdiction was denied May 7, 1984. Following trial, the jury returned a verdict in favor of Mr. Vasquez reversing the Board's decision and awarding Mr. Vasquez attorney fees under RCW 51.52.130.

Am–Fac claims the Superior Court lacked subject matter jurisdiction because Mr. Vasquez failed to follow the filing and notice requirements in RCW 51.52.110. RCW 51.52.110

provides in part:

Within thirty days after a decision of the board to deny the petition . . . for review . . . *has been communicated to such worker,* . . . such worker . . . may appeal to the superior court. If such worker . . . fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition . . . for review or the final decision and order of the board shall become final.

. . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board. If the case is one involving a self–insurer, a copy of the notice of appeal shall also be *served by mail, or personally, on such self–insurer.* . . . If the case is one involving a self–insurer, such self–insurer shall, within twenty days after receipt of such notice of appeal, serve and file its notice of appearance and such appeal shall thereupon be deemed to be at issue.

(Italics ours.) Filing an appeal in superior court and serving notice on the specified parties are both required to perfect an appeal under this statute. *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 518, 596 P.2d 296 (1979). The statute is mandatory and jurisdictional. *Spokane v. Department of Labor & Indus.,* 34 Wn. App. 581, 584, 663 P.2d 843, *review denied,* 100 Wn.2d 1007 (1983). Am–Fac first contends Mr. Vasquez' appeal is defective in three respects: (1) he filed the appeal beyond the 30–day period; (2) he served notice to DLI and the Board beyond the 30–day period; and (3) he notified the self–insured employer's attorney rather than Am–Fac.

1. Whether Mr. Vasquez timely filed the appeal in superior court.

■ The facts are uncontroverted that the Board notified Mr. Vasquez in a letter dated November 2, 1983, that his petition for review was denied. Mr. Vasquez actually received this notice on November 4, 1983, and filed a notice of appeal in superior court on December 5, 1983. If the 30–day period commences when the Board mailed the notice,

then the latest Mr. Vasquez could have filed a timely notice of appeal was Friday, December 2; if it commences when Mr. Vasquez received the notice, then Mr. Vasquez timely filed notice on the 30th day.[1] The Supreme Court has construed "communicated" in the context of former RCW 51.52.060[2] to mean "only that a copy of the order be received by the workman". *Rodriguez v. Department of Labor & Indus.*, 85 Wn.2d 949, 953, 540 P.2d 1359 (1975). *See also Nafus v. Department of Labor & Indus.*, 142 Wash. 48, 52, 251 P. 877, 255 P. 148 (1927). Consequently, although we note this rule in some instances will pose difficult proof problems, we hold the 30-day period commenced upon Mr. Vasquez' receipt of the notice, and his filing of the appeal in superior court was timely.

2. Whether Mr. Vasquez timely served notice.

RCW 51.52.110 limits an aggrieved party to 30 days in which to file *and* serve a notice of appeal. *Smith*, at 518. Mr. Vasquez argues all parties were timely served when he deposited notice in the mail on the 30th day, while Am-Fac contends service was defective because notice was received beyond the specified time period. RCW 51.52.110 states an appeal "shall be perfected by . . . serving a copy [of the notice] by mail, or personally" on the director, the Board, and the self-insurer. "Service" is not defined in RCW 51.52, nor does RCW 51.52.110 specify when service by mail is deemed to be complete.

---

[1] WAC 263-12-175, authorized by RCW 51.52.020, provides that time "shall be computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or legal state holiday, and then it is excluded and the next succeeding business day included". Since the 30th day fell on Sunday, Mr. Vasquez gained an additional day in which to file his notice of appeal.

[2] Former RCW 51.52.060 provided:

"Any workman . . . aggrieved by an order, decision, or award of the [Department of Labor and Industries] must, before he appeals to the courts, file with the [Board of Industrial Insurance Appeals] and the director, by mail or personally, within sixty days from the day on which such copy of such order, decision, or award was *communicated* to such person, a notice of appeal to the board." *Rodriguez v. Department of Labor & Indus.*, 85 Wn.2d 949, 951, 540 P.2d 1359 (1975).

■ Rule 5(b) of the Federal Rules of Civil Procedure provides that "[s]ervice by mail is complete upon mailing", 2 J. Moore, *Federal Practice,* at 5–2 (1983), and a commonsense interpretation of RCW 51.52.110, "serving . . . by mail", is consistent with that rule. In contrast, Washington's Superior Court Civil Rule 5(b)(2)(A) states:

> If service is made by mail, the papers shall be deposited in the post office addressed to the person on whom they are being served, with the postage prepaid. *The service shall be deemed complete upon the third day* following the day upon which they are placed in the mail . . .

(Italics ours.) Superior court civil rules are procedural rules, however, applicable only after the commencement of an action, and thus do not purport to extend subject matter jurisdiction of the court. *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 537, 667 P.2d 1133, *review denied,* 100 Wn.2d 1030 (1983); *Tarabochia v. Gig Harbor,* 28 Wn. App. 119, 123, 622 P.2d 1283 (1981).

Moreover, the civil rules are clearly intended to apply only to civil actions invoking the general jurisdiction of the superior courts. In contrast, an administrative appeal invokes appellate, not general or original superior court jurisdiction.[3] *Reeves,* at 537. *See also Olson v. Civil Serv. Comm'n,* 43 Wn. App. 812, 719 P.2d 1343 (1986) (CR 6(a) not applicable where time set forth in administrative regulations). Because "'delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities'", substantial compliance with procedural rules is sufficient to invoke the general as well as the RCW 51.52.110 appellate jurisdiction of the superior court. *In re Saltis,* 94 Wn.2d 889, 896, 621 P.2d 716 (1980) (quoting *Curtis Lumber Co. v. Sortor,* 83 Wn.2d

---

[3]Because of the superior court's appellate jurisdiction in this area, we note by analogy RAP 18.6(b) which provides:

"**(b) Service by Mail.** Except as otherwise provided in rule 17.4, *if the time period in question applies to a party serving a paper by mail, the paper is timely served if mailed within the time permitted for service.* If the time period in question applies to the party upon whom service is made, the time begins to run 3 days after the paper is mailed to the party." (Italics ours.)

764, 767, 522 P.2d 822 (1974)). Here, we hold Mr. Vasquez timely complied with RCW 51.52.110 service requirements when he mailed notice within 30 days of his receipt of the Board's denial of review.

3. Whether Am–Fac was properly served.

RCW 51.52.110 provides that "[i]f the case is one involving a self–insurer, a copy of the notice of appeal shall also be served by mail, or personally, on such self–insurer". Here, the record reveals that Mr. Vasquez served Am–Fac's attorney rather than Am–Fac, itself, on December 6 or 7, 1983.

■ The RCW 51.52.110 requirement of notice is a practical one meant to insure interested parties receive actual notice of appeals of Board decisions and is satisfied upon: (1) receipt of actual notice of appeal to the superior court, *or* (2) service of the notice of appeal in a manner reasonably calculated to give notice. *In re Saltis,* at 896. Here, Mr. Vasquez did in fact serve Am–Fac's attorney by mail, which we conclude to be a manner reasonably calculated to give notice to the employer.

■ Am–Fac next contends the evidence is not legally sufficient to support the verdict. Following the denial of its motion to dismiss, Am–Fac proceeded to present its case to the jury. Generally, this constitutes a waiver of a defendant's challenge to the sufficiency of the evidence. *Heinz v. Blagen Timber Co.,* 71 Wn.2d 728, 730, 431 P.2d 173 (1967); *accord, Goodman v. Bethel Sch. Dist. 403,* 84 Wn.2d 120, 524 P.2d 918 (1974). Although Am–Fac cites CR 41(b)(3) for the contrary result, that rule applies to bench trials only. Here, the case was tried to a jury; thus, Am–Fac has waived this issue.

■ If Am–Fac had not waived this issue, the result would be the same. A jury's verdict should not be disturbed if there is substantial evidence to support it. *Bennett v. Department of Labor & Indus.,* 95 Wn.2d 531, 534, 627 P.2d 104 (1981). Where the injured worker prevails before the jury, the evidence must be viewed in the light most

favorable to him. *Bennett,* at 534. Here, Am–Fac's challenge goes to the medical testimony of Dr. Starkweather who used the word "possible" at one point to describe the connection between the workplace accident and Mr. Vasquez' injury. Although the causal connection between a claimant's physical condition and his employment must be established by medical testimony, such testimony is not always necessary to prove every element of causation. *Bennett,* at 533. Thus, the evidence is sufficient if a reasonable person can infer from all the facts and circumstances that the causal connection exists. *Bennett,* at 533. Moreover, it is generally held that:

> The distinction between probability and possibility should not follow too slavishly the witnesses' choice of words, as sometimes happens in respect to medical testimony. A doctor's use of such words as "might," "could," "likely," "possible" and "may have," particularly when coupled with other credible evidence of a non–medical character, such as a sequence of symptoms or events corroborating the opinion, is . . . sufficient to sustain an award.

2 A. Larson, *Workmen's Compensation* § 80.30, at 15–86 to 15–87 (1986). Here, there is sufficient corroborating evidence in Mr. Vasquez' testimony and that of co–workers and friends to support the jury verdict.

Finally, we examine whether attorney fees were properly awarded to Mr. Vasquez. RCW 51.52.130 provides in part:

> If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker . . ., a reasonable fee for the services of the worker's . . . attorney shall be fixed by the court.

Since the Board's decision was reversed and additional relief granted, the award of attorney fees and costs was proper. *Johnson v. Tradewell Stores, Inc.,* 95 Wn.2d 739, 630 P.2d 441 (1981).

Affirmed.

GREEN, C.J., concurs.

McINTURFF, J. (concurring)—I agree with the majority, but wish to state additional reasons why I believe Mr. Vasquez timely filed his notice of appeal. First, Mr. Vasquez complied with the implicit jurisdictional requirements of RCW 51.52.110. The Washington State Constitution empowers the Legislature to determine and prescribe the appellate jurisdiction of the superior court. Const. art. 4, § 6 (amend. 65). Our Legislature declared the jurisdictional prerequisites for appeals from the Board of Industrial Appeals to superior court in RCW 51.52.110, which provides that within 30 days after a decision, the worker must perfect his appeal by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the self–insurer. Since these are substantive, jurisdictional requirements, *Spokane v. Department of Labor & Indus.*, 34 Wn. App. 581, 584, 663 P.2d 843, *review denied*, 100 Wn.2d 1007 (1983), civil rules are inapplicable here. *See* 4 L. Orland, Wash. Prac., *Rules Practice* 597 (1983 & Supp. 1984) (civil rules apply only to procedural matters, not substantive law which creates, defines, and regulates primary rights). Accordingly, Am–Fac's reliance upon the civil rule is inappropriate, especially where our Legislature has already provided the necessary detail to determine when service by mail is effective.

In 1911, when our Legislature first pronounced the jurisdictional requirements for industrial insurance appeals to superior court, it sanctioned both service by mail and personal service. RCW 51.52.110. While it did not expressly indicate when service by mail was complete, it incorporated the common practice in civil cases at that time. Laws of 1911, ch. 74, § 20, p. 368. The civil practice when RCW 51.52.110 was passed declared service by mail effective upon mailing. Rem. & Ball. Code § 247 provided:

> "In case of service by mail, the papers shall be deposited in the post office, addressed to the person on whom it is served, at his place of residence, and the postage paid; and in such case the time of service shall be double that required in case of personal service."

*State ex rel. Palmer Mt. Tunnel & Power Co. v. Superior Court,* 63 Wash. 442, 443, 115 P. 845 (1911). Applying this rule, the court determined "service is made by mail when the paper to be served is deposited in the post office addressed to the person to be served, with postage prepaid, and the service is complete when so deposited . . ." *Palmer Mt.,* at 444. Hence, the Legislature exercised its constitutional powers by establishing the jurisdictional requirements for industrial insurance appeals. Those requirements should not be amended or restricted through a revisionist use of the civil rules, especially when it is in the province of the Legislature to define jurisdictional requirements, and because the civil rules were adopted to alleviate "anomalous, purely accidental, unnecessary but fatal procedural snare[s] for the unwary or less fleet of foot." *Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 766, 522 P.2d 822 (1974).

Second, even if the Legislature did not incorporate civil practice in 1911 as part of the jurisdictional prerequisites, the current civil rules are not the most analogous principles by which we can determine when service by mail is effective. *See, e.g., Coupeville Sch. Dist. 204 v. Vivian,* 36 Wn. App. 728, 730, 677 P.2d 192 (1984) ("most analogous" rule used to define terms of different rule). Civil rules are not the most analogous because they are intended only for "civil actions" which invoke the general jurisdiction of the superior courts, and which are commenced by service of summons and complaint. *Reeves v. Department of Gen. Admin.,* 35 Wn. App. 533, 537, 667 P.2d 1133, *review denied,* 100 Wn.2d 1030 (1983); *see* CR 1; CR 2; CR 3. Contrarily, an appeal from an administrative tribunal invokes the appellate, not general or original, jurisdiction of a superior court. *MacVeigh v. Division of Unemployment Comp.,* 19 Wn.2d 383, 385-86, 142 P.2d 900 (1943); *Reeves,* at 537. Appeals from administrative agencies are distinctly different from the initial commencement of an action in superior court because in actions properly before an administrative tribunal, all parties have been notified of the dispute and have had an opportunity to present their case.

But, in actions originally commenced in superior court, an opposing party has no knowledge of a claim or action until service of the summons and complaint is received. It can be argued, therefore, that a stricter application of rules governing service by mail and notice is justified when the superior court is exercising its general or original jurisdiction. But when an appeal from an administrative ruling is involved, I find it appropriate to apply a more analogous rule, a rule on appeal. RAP 18.6(b) provides in part:

> [I]f the time period in question applies to a party serving a paper by mail, the paper is timely served if mailed within the time permitted for service. If the time period in question applies to the party upon whom service is made, the time begins to run 3 days after the paper is mailed to the party.

By analogy, when one is appealing a decision of the Board of Industrial Insurance Appeals, service by mail should be effective upon mailing.

Third, if the civil rules are applicable to the instant case, I believe interpretations given CR 5, which render service incomplete until 3 days after mailing, are incorrect. Principled obedience to interpretations of CR 5(b)(2)(A) need not prevent awareness that they may be ripe for reevaluation or renunciation. In following a rule of common law, an intermediate court of appeals may appropriately analyze the factors which cast doubt upon the viability of past decisions. While ordinarily the court rules have been approached as if they had been drafted by the Legislature, our court has engaged in a substantive examination of the rule to obtain its intended and commonsense interpretation. *Compare State ex rel. Schillberg v. Everett Dist. Court,* 90 Wn.2d 794, 585 P.2d 1177 (1978) *with Heinemann v. Whitman Cy.,* 105 Wn.2d 796, 802–03, 718 P.2d 789 (1986). A substantive examination of CR 5(b)(2)(A) reveals that past interpretations are incorrect. In *Moore v. Wentz,* 11 Wn. App. 796, 525 P.2d 290 (1974), we examined whether a motion for reconsideration under CR 59(b) was timely served. The defendant mailed the motion on the last

day of a 5–day motion period. Without examining the underlying purpose of the civil rules, we concluded the mailing was too late because CR 5 purportedly required mailing 3 days before the end of the motion period. This view was adopted without discussion in *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 330, 544 P.2d 740 (1976).

At the time of the *Moore v. Wentz, supra,* decision, our attention was not called to the objectives of the civil rules or the problems which can occur if the method of service is changed from proceeding to proceeding. As the law stands now, one pressing an administrative appeal is destined to be lost in the shifting sands of procedure, since during administrative proceedings, service is effective upon mailing, WAC 296–08–130, yet ineffective until 3 days after mailing when the same action is brought on appeal to superior court. The rule changes again on appeal, however, because RAP 18.6(b) deems service effective upon mailing. I find it improbable that the judicial committee drafting the civil rules intended, or would have provided, one procedure for notice during administrative proceedings, while denying the use of the same procedure when the administrative decision was appealed to superior court. Such a rule forms a fatal procedural trap which flies in the face of the objectives for adopting the civil rules.

The Supreme Court adopted the civil rules to accomplish the following objectives:

    (2) To conform to the federal practice in all situations where there are no compelling reasons for perpetuating Washington practice, especially in the many situations where the Washington statutes, rules, and case law are confusing, obscure, or nonexistent;

    (3) To preserve the Washington practice in all situations where the Washington practice is believed to be superior or where the matter is not adequately covered by federal rules;

    (4) To eliminate many procedural traps now existing in Washington practice;

    (5) To conform the Civil Rules for the Superior Court to

the Civil Rules for the Justice Courts which also follow the format of the federal rules;

(6) To make available a ready reference to all authorities discussing the comparable federal rules.

Order Adopting Civil Rules for Superior Court, 71 Wn.2d xvii, xxiv (1967). Before these rules were adopted, the state practice regarding service by mail mirrored the federal rule. Service by mail was effective upon mailing. Rem. & Ball. § 247; *Palmer Mt.;* Fed. R. Civ. P. 5. How is it our civil rules regarding service by mail changed with the adoption of the civil rules in 1967? I do not believe the new rule changed the old one. Making service by mail ineffective until 3 days after mailing would alter rather than "preserve the Washington practice," and would conflict with rather than "conform to federal practice." Order Adopting Civil Rules for Superior Court, *supra*. Instead of altering historical precedent and ignoring the stated objectives for adopting the civil rules, I believe the judicial council drafted CR 5(b)(2)(A) in 1967 to maintain past practice.

Accordingly, service by mail should be effective upon mailing when the time period in question applies to a party serving by mail. But when a time period applies to a party upon whom service is made, the time begins to run, and the service is "deemed complete", 3 days after the paper is mailed to the party. *See, e.g.,* RAP 18.6(b). For these reasons, I also hold Mr. Vasquez complied with RCW 51.52-.110.