**William E. BRADLEY, Plaintiff—Appellant,**

v.

**WAL–MART STORES, INC., a Delaware Corporation, Defendant—Appellee.**

No. 08–35271.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed June 16, 2009.

Jeffrey J. Donchez, Esquire, Scott P. Carness, Donchez Law Firm, Edmonds, WA, for Plaintiff–Appellant.

Bert W. Markovich, Esquire, Jennifer L. Campbell, Esquire, Colin J. Folawn, Alli-

son Miller, Jennifer K. Wyatt, Schwabe Williamson & Wyatt, PC, Seattle, WA, for Defendant–Appellee.

Before: CANBY, THOMPSON and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

William Bradley appeals the district court's summary judgment in favor of Wal–Mart Stores, Inc., in Bradley's diversity action. Bradley sought to recover for personal injuries suffered when he slipped and fell on a wet floor at the Wal–Mart store in Spanaway, Washington. The district court found that Bradley failed to produce evidence that Wal–Mart had actual or constructive knowledge of a dangerous condition or that his injuries were caused by his fall. We review de novo the district court's grant of summary judgment, *see Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm it.

Bradley must demonstrate four separate elements to establish liability on the part of Wal–Mart: (1) a duty owed to him, (2) a breach of that duty, (3) a resulting injury, and (4) proximate cause. *See Reynolds v. Hicks,* 134 Wash.2d 491, 495, 951 P.2d 761 (1998). Bradley's failure to satisfy any of these four requirements is sufficient grounds for dismissal of his claim. *See Howell v. Blood Bank,* 117 Wash.2d 619, 625, 818 P.2d 1056 (1991).

▮ Bradley failed to provide even a minimal quantum of evidence on the second and fourth elements. In order to prove a breach of duty, Bradley must establish that Wal–Mart "[knew] or by the exercise of reasonable care would discover" the dangerous condition that eventually caused his harm. *See Iwai v. Washington,* 129 Wash.2d 84, 93, 915 P.2d 1089 (1996). There is therefore no breach unless Wal–Mart either caused the dangerous condition that harmed Bradley or had actual or constructive notice of that condition. *See Fredrickson v. Bertolino's Tacoma, Inc.,* 131 Wash.App. 183, 189, 127 P.3d 5 (Wash.Ct.App.2005). The only evidence that Bradley presented that addressed this requirement was one declaration from a former employee of Wal–Mart, Lisa Peel. Peel stated that the puddle of water in which Bradley fell was created by wet shopping carts brought in by Wal–Mart employees, and that she notified other Wal–Mart employees of this dangerous condition. However, it is uncontested that Bradley fell at 3:45 P.M. on March 26, 2005, and that the time clock report for that date indicates that Peel began work at 4:04 P.M. Moreover, her declaration listed the date that she made these observations as March 25, 2005, the day before Bradley's fall. Given these clear inconsistencies, the district court did not err in concluding that Bradley's evidence did not raise a triable issue of fact with regard to notice.

▮ Bradley also did not demonstrate causation. In Washington, expert medical testimony is required to prove causation when an injury involves medical factors beyond an ordinary layperson's knowledge. *See, e.g., Bennett v. Dep't of Labor & Indus.,* 95 Wash.2d 531, 533, 627 P.2d 104(1981). A torn rotator cuff involves medical factors beyond Bradley's knowledge. Although Bradley presented medical records indicating a rotator cuff tear in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

his shoulder, he presented no evidence indicating that this injury was caused by his fall. He merely identified several treating healthcare professionals that he *intended* to call to testify regarding a "causal link" between his fall and his injuries. Wal–Mart, however, retained an expert witness, Dr. Brandt Bede, who testified that Bradley's rotator cuff tear predated his fall and that his injury was inconsistent with the manner in which he fell. Bradley submitted no medical testimony or expert opinions to contest this opinion. Without any evidence of causation to controvert that provided by Wal–Mart, Bradley failed to raise a triable issue of fact as to causation.

Because no material questions of fact were presented with regard to notice or causation, the district court's grant of summary judgment was correct.

**AFFIRMED.**