**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| BRIAN WILSON,<br><br>    Appellant,<br><br>    v.<br><br>DARRIN RAPOPORT, DDS,<br><br>    Respondent. | No. 86492-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — In May 2023, Brian Wilson filed a lawsuit against his former periodontist, Dr. Darrin Rapoport,[1] alleging that he received negligent care between August 2018 and June 2019.[2] The superior court granted Dr. Rapoport's motion for summary judgment based on the statute of limitations. Wilson appeals, arguing that a mediation letter he sent to Dr. Rapoport in 2021 tolled the statute of limitations for one year, rendering the complaint timely under a continuing negligence theory. Because Wilson does not provide admissible evidence that a negligent act or omission occurred during the required timeline, he fails to meet his burden of proof that tolling rendered the claim timely. Therefore, we affirm.

---

[1] While Wilson's complaint lists Dr. Rapoport's first name as "Darrom," the record indicates that his first name is "Darrin."

[2] Wilson also alleged lack of informed consent, but does not raise this claim separately on appeal.

I

On August 6, 2018, Wilson visited Dr. Rapoport for a dental examination after an injury to a front tooth. At some point thereafter, Dr. Rapoport or another provider not identified in the record extracted Wilson's tooth and placed an implant. On November 14, 2018, after Wilson's general dentist observed a possible issue with the implant, Wilson returned to Dr. Rapoport. Dr. Rapoport removed the implant and informed Wilson that he would need to wait three to six months until he could place a new one. Dr. Rapoport's office scheduled another appointment with Wilson for approximately six months later. On April 16, 2019, Wilson signed consent forms for a dental implant procedure.

About one month before the appointment was set to take place, Dr. Rapoport's office called Wilson to reschedule the appointment for some time in May or June 2019. On the day of the scheduled appointment, Dr. Rapoport's office called to cancel the appointment again. Wilson subsequently terminated his relationship with Dr. Rapoport's office.

In a November 2021 letter to Dr. Rapoport, Wilson's attorney demanded mediation of claims relating to injuries Wilson sustained in the care of Dr. Rapoport "beginning in August of 2018 and continuing thereafter." On May 22, 2023, Wilson filed a one page complaint against Dr. Rapoport alleging he had received negligent care. Dr. Rapoport moved for summary judgment based on the statute of limitations. The trial court granted the motion for summary judgment and dismissed Wilson's claims against Dr. Rapoport with prejudice. Wilson appeals.

II

Wilson argues the trial court erred by granting summary judgment because the one year tolling provision of RCW 7.70.110 rendered his claim timely. We disagree.

We review summary judgment motions de novo. Johnson v. Lake Cushman Maint. Co., 5 Wn. App. 2d 765, 777, 425 P.3d 560 (2018). We consider all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. Id. In a summary judgment motion, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id. Once the moving party has met its burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." CR 56(e). If the opposing party fails to make a showing sufficient to establish a genuine issue of material fact, summary judgment is appropriate. Johnson, 5 Wn. App. 2d at 778.

Here, as the defendant, Dr. Rapoport has the burden of proof of showing that Wilson's claims are barred by the statute of limitations. Rivas v. Overlake Hosp. Med. Ctr., 164 Wn.2d 261, 267, 189 P.3d 753 (2008). "A plaintiff, however, carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim." Id. "A malpractice claimant must, in response to a motion for summary judgment based on the statute of limitations, present some evidence that a negligent act or omission took place within the limitations period," Young Soo Kim v. Choong-Hyun Lee, 174 Wn. App. 319, 325, 300 P.3d 431 (2013), or prove

that a tolling provision applies to render the claim timely, Cortez-Kloehn v. Morrison, 162 Wn. App. 166, 172, 252 P.3d 909 (2011). Mere allegations, argumentative assertions, conclusory statements, and speculation do not raise issues of material fact that preclude summary judgment. Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 714, 248 P.3d 150 (2011).

The statute of limitations for a medical malpractice claim is three years. RCW 4.16.350(1), (3). Under a theory of continuing negligence, which Wilson alleged in his response to Dr. Rapoport's motion for summary judgment, the last negligent act or omission committed by the defendant triggers the statute of limitations for the claim. Caughell v. Grp. Health Coop. of Puget Sound, 124 Wn.2d 217, 227-28 n.2, 229, 876 P.2d 898 (1994).

Dr. Rapoport bears the burden to show that Wilson's continuing negligence claim is time-barred. Johnson, 5 Wn. App. 2d at 777. To do so, Dr. Rapoport must show that Wilson did not commence his claim within three years of Dr. Rapoport's last negligent act or omission. RCW 4.16.350(3); Caughell, 124 Wn.2d at 227-28 n.2. Thus, the last negligent act or omission must have occurred on or after May 22, 2020—within three years of the complaint's filing on May 22, 2023. Wilson alleges in his complaint that he "received dental services beginning in August, 2018 and continuing through June of 2019." Furthermore, an e-mail from Wilson's attorney to Dr. Rapoport's attorney states that the last contact between Wilson and Dr. Rapoport (or his office) occurred within 10 months after November 2018. Neither allows for the possibility that a negligent act or omission occurred within

4

three years of the filing of the complaint. Dr. Rapoport met his initial burden of showing that, absent tolling, Wilson did not file his complaint within the statute of limitations period.

This shifted the burden to Wilson to show by admissible evidence that tolling applies and that such tolling renders the claim timely. Cortez-Kloehn, 162 Wn. App. at 172. As grounds for tolling, Wilson relies solely[3] upon RCW 7.70.110. Under RCW 7.70.110, a good faith request for mediation of a health care claim tolls the statute of limitations for one year. Even assuming, without deciding, that Wilson has met the one year tolling provision, for his claim to be timely, the last negligent act or omission must have occurred on or after May 22, 2019—within four years of the filing of the complaint. According to Wilson's evidence presented at summary judgment, the only act that occurred on or after May 22, 2019 was that Dr. Rapoport's office cancelled Wilson's appointment for a follow-up visit for a second time. But Wilson presented no admissible evidence that this was a negligent act or omission.

A health care provider acts negligently when they "fail[] to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which [they] belong[], in the state of Washington, acting in the same or similar circumstances." RCW 7.70.040(1)(a).

---

[3] In his original response to Dr. Rapoport's motion for summary judgment, Wilson briefly refers to the provision of RCW 4.16.350(3) which states that the statute of limitations may be tolled upon proof of "fraud or concealment." As Wilson has not raised this argument on appeal, we do not consider whether tolling is appropriate under this provision. RAP 10.3(a)(6); State v. Wood, 89 Wn.2d 97, 99, 569 P.2d 1148 (1977).

To support the assertion that an appointment cancellation constituted a negligent act or omission, Wilson supplies his own signed declaration describing the phone call. Wilson does not provide testimony from a dental expert and instead argues that a layperson could find that the act of cancelling the implant procedure for the second time was a negligent act or omission without the need for expert testimony. We disagree. Expert testimony is generally necessary to establish the standard of care unless the medical facts of the case are " 'observable by [a layperson's] senses and describable without medical training.' " Harris v. Robert C. Groth, M.D., Inc., 99 Wn.2d 438, 449, 663 P.2d 113 (1983) (alteration in original) (quoting Bennett v. Dep't of Lab. & Indus., 95 Wn.2d 531, 533, 627 P.2d 104 (1981)); see Bauer v. White, 95 Wn. App. 663, 667, 976 P.2d 664 (1999) (expert testimony not typically required when a foreign object is inadvertently left in the body of a surgical patient). The standard of care dictating whether it is appropriate for a periodontist to reschedule a patient's appointment is not observable by a layperson or describable without medical training. Without expert testimony, Wilson cannot establish that by cancelling his appointment in this instance Dr. Rapoport deviated from the standard of care.

Because Wilson has not shown that a negligent act occurred on or after May 22, 2019, and so within four years of the filing of the complaint, even with the benefit of tolling under RCW 7.70.110 he cannot sustain his burden of proof that

the claim was timely.[4]  The superior court correctly granted Dr. Rapoport's motion

for summary judgment.

Affirmed.

Birk, J.

WE CONCUR:

---