957 P.2d 795 (1998)
Julia M. METZ, Respondent,
v.
Dolores K. SARANDOS; and the Law Offices Of Leonard W. Moen, Appellants.
No. 21273-1-II.
Court of Appeals of Washington, Division 2.
May 29, 1998.
Publication Ordered July 2, 1998.
Janice Sue Wang and John Philip Erlick, Reed McClure, Seattle, for Appellants.
*796 Randy Wallace Loun, Loun & Tyner, Bremerton, for Respondent.
HUNT, Judge.
Appellants Delores Sarandos and the Law Offices of Leonard W. Moen appeal the trial court's grant of respondent Julia Metz' motion to reconsider and reversal of its earlier order granting summary judgment in their favor. Sarandos argues that the trial court erred by: (1) granting the motion to reconsider when it was not timely filed; (2) accepting ethics expert David Boerner's letter when it does not satisfy the requirements for expert testimony; and (3) reversing summary judgment because Metz did not create a material issue of fact on all the elements of malpractice.
We reverse.

FACTS
As a result of an automobile accident caused by an intoxicated driver in October 1988, Julia Metz suffered injuries, including head injuries, which caused cognitive and emotional problems. Metz hired attorney Rick Smith to represent her in a civil suit against the driver. Smith sent Metz a letter informing her that he believed her suit to be worth not more than $35,000; he urged her to submit her claim to arbitration rather than to a jury trial.
Metz then hired a new attorney, respondent, Dolores Sarandos, who worked at the Law Offices of Leonard W. Moen. Sarandos began pretrial activities in Metz' case against the driver. On April 23, 1992, the driver's attorneys deposed Metz, asking her questions about the accident and her injuries. Metz became confused and upset and asked to stop the deposition. Metz alleges that Sarandos refused and "badgered" her about her inability to respond to some of the questions.
During a break in the deposition, the driver's attorney offered to settle for $37,500. Sarandos encouraged Metz to accept the offer, which Metz did. But in her complaint, Metz alleges Sarandos "badgered" her into accepting the offer. Metz states that she was "incapacitated emotionally, severely and was incapable of making any informed choice." In her declaration, Sarandos claims that: (1) she counseled Metz on whether to accept the offer; (2) she did not force her to accept it; and (3) Metz discussed the settlement offer with her two grown children for approximately 30 minutes before agreeing to accept the offer. Metz signed her acceptance of the offer on April 30, 1992.
In April 1995, Metz filed suit against Sarandos, alleging that Sarandos had committed legal malpractice by forcing Metz to accept the offer while mentally incapacitated. Sarandos moved for summary judgment, arguing that Metz' pleadings and evidence were insufficient to present a prima facie case on all elements of malpractice. The trial court filed a written order on August 15, 1996, granting summary judgment on grounds that Metz did not present expert testimony establishing a standard of care.
Thirteen days later, on August 28, 1996, Metz filed a motion to reconsider, supported by a letter from ethics expert David Boerner. The letter stated that an attorney with a mentally incapacitated client should not accept a settlement offer without having a guardian appointed to represent the client's interests.
The trial court considered the letter, granted the motion to reconsider, and reversed its previous summary judgment on grounds that the letter was sufficient to overcome the lack of expert testimony upon which the summary judgment had been predicated. The court further determined that the issue of damages was for the jury, such that Metz' lack of evidence of injury did not require summary judgment in favor of Sarandos.

ANALYSIS
Civil Rule 59(b) provides: "A motion for a new trial or for reconsideration shall be served and filed not later than 10 days after the entry of the judgment." (Emphasis added.). The trial court filed its order granting summary judgment on August 15. Metz filed her motion to reconsider 13 days later *797 on August 28. But the trial court accepted the motion, stating:
the 10-day service and filing requirement of Civil Rule 59(b) is hereby deemed to have commenced for purposes of plaintiff's motion for reconsideration on August 18, 1996, the date the Court assumes counsel received a copy of the summary judgment order. Plaintiff's motion for reconsideration, filed on August 28, 1996, was timely filed under CR 59(b).
The trial court chose to start the 10-day period from the date counsel received the order, because "[i]t is inherently unfair to commence the 10-day service and filing requirement of Civil Rule 59(b) on the day judgment is entered where the parties do not receive a copy of such order on the same date the judgment is entered."
But CR 58(b) provides: "Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing. ..." (Emphasis added.). And CR 6(b) does not permit enlargement of the time for filing a motion to reconsider.[1] Thus the trial court had no discretionary authority to extend the time period for filing a motion for reconsideration. See Schaefco, Inc. v. Columbia River Gorge Comm'n, 121 Wash.2d 366, 367-68, 849 P.2d 1225 (1993) (citing CR 6(b); Moore v. Wentz, 11 Wash. App. 796, 799, 525 P.2d 290 (1974)).
Therefore, we reverse the trial court's grant of Metz' untimely motion for reconsideration and reinstate its original order granting summary judgment to Sarandos. We need not address appellants' remaining issues.
HOUGHTON, C.J., and SEINFELD, J., concur.
NOTES
[1] CR 6(b)

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b).
(Emphasis added.).