# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | | |
|---|---|---|
| BRIAN DAVIDSON, | | No.  51314-5-II |
| | Appellant, | UNPUBLISHED OPINION |
| v. | | |
| PACIFIC COUNTY, | | |
| | Respondent. | |

GLASGOW, J. — Brian Davidson filed three consecutive motions for an order directing Pacific County to show cause why it should not be found in violation of the Public Records Act, chapter 42.56 RCW, for failing to timely produce the same requested records.  He filed each motion to show cause under a different cause number.  The trial court dismissed all three cases, the last one on December 3, 2015.  Davidson filed a motion to reconsider the December 3 order 21 months later.  The trial court denied the motion for reconsideration.

Davidson appeals from the denial of his motion to reconsider.  Davidson's motion to reconsider was untimely and the trial court lacked authority to extend the time for Davidson to file the motion.  Under RAP 5.2, the timeliness of Davidson's appeal depends upon the timeliness of his motion for reconsideration.  His appeal was therefore also untimely and we grant Pacific County's motion to dismiss Davidson's appeal.  We do not consider Davidson's arguments regarding his underlying show cause motion.

FACTS

Davidson filed numerous public records requests with Pacific County in 2014. In December 2014, Davidson filed a motion for an order directing Pacific County to show cause why it should not be found in violation of the Public Records Act for failing to timely produce his requested records. He sought $1,000,000 in damages. In October 2015, the superior court dismissed Davidson's show cause motion, finding that he had failed to properly initiate a civil cause of action. Davidson did not appeal this order.

On November 24, 2015, Davidson filed a second motion for Pacific County to show cause why it did not violate the Public Records Act by failing to timely produce the same records that were the subject of his first show cause motion. Pacific County again moved to dismiss and mailed Davidson notice of its motion to dismiss that same day.

On November 30, Davidson filed a third show cause motion, which again alleged Pacific County violated the Public Records Act with respect to the same records that were the subject of his prior two show cause motions.

On December 1, the superior court dismissed with prejudice Davidson's second show cause motion. The superior court again found that Davidson had failed to properly initiate the lawsuit. The superior court further found that Davidson was a vexatious litigant as to this issue. It entered an order prohibiting Davidson from filing any additional public records lawsuits against Pacific County absent representation by a licensed attorney subject to CR 11 or written permission from the court. The trial court also ordered Davidson to reimburse Pacific County for costs under CR 11 in an amount to be determined.

Davidson timely appealed the order dismissing his second show cause motion, but later voluntarily dismissed the appeal.

On December 2, Pacific County moved to dismiss Davidson's third show cause motion. Pacific County mailed Davidson notice of its motion to dismiss that same day.

On December 3, the trial court dismissed Davidson's third show cause motion. This order contained findings identical to those supporting dismissal of his second show cause motion. And, like the order dismissing his second show cause motion, this order again prohibited him from filing any further public records lawsuits against Pacific County unless represented by a licensed attorney or with prior written permission of the court. The superior court also awarded Pacific County $250 in costs under CR 11. The order awarding costs noted that "the Court has previously found this action by [Davidson] was frivolous and advanced without reasonable cause." Clerk's Papers at 203.

Davidson, through counsel, filed a motion for reconsideration of the order dismissing his third show cause motion in September 2016, more than nine months after the superior court had entered it. For the 2016 reconsideration motion, Davidson declared that the County did not give him notice of any hearing to address Pacific County's motion to dismiss his third show cause motion, he did not appear at any such hearing, and he only recently became aware of the superior court's 2015 order dismissing his motion. Davidson's counsel then withdrew, and it does not appear from the record that any further action was taken with regard to this reconsideration motion.

A year later, in September 2017, Davidson filed a pro se motion for reconsideration of

the order dismissing his third show cause motion. Davidson's 2017 reconsideration motion contained a declaration identical to the declaration attached to the 2016 reconsideration motion filed by counsel. In response, Pacific County argued, as relevant here, that Davidson's motion for reconsideration was untimely.

At the hearing addressing Davidson's reconsideration motion, Davidson acknowledged that all three of his show cause motions addressed the same public records. Davidson also acknowledged that he did not appeal from the order denying his first show cause motion and that he withdrew his appeal from the order denying his second show cause motion.

The trial court stated that it would consider Davidson's untimely motion for reconsideration because it appeared from the file that Davidson had not received timely notice or an opportunity to be heard at the December 3 hearing on Pacific County's motion to dismiss, and he also claimed he did not receive copy of the order. The trial court told Davidson to present whatever argument he would have presented opposing Pacific County's motion to dismiss had he been afforded a hearing. The trial court heard argument and then denied Davidson's reconsideration motion, concluding that Davidson was raising the same claims or issues that had previously been decided and that he had failed to comply with the court's order not to file any cause of action related to his public records request without leave of the court or representation from a licensed attorney.

Davidson appeals the resulting 2017 order denying reconsideration.

ANALYSIS

As an initial matter, Pacific County moves to dismiss Davidson's appeal as untimely because he did not appeal from the order dismissing his third show cause motion, and he did not file a timely motion to reconsider that order.[1] We agree with County and grant its motion to dismiss.

RAP 5.2 provides that a notice of appeal must be filed within the longer of (1) 30 days after entry of the decision the appellant wants reviewed, or (2) 30 days after entry of an order deciding a *timely* motion for reconsideration of the decision the appellant wants reviewed. RAP 5.2(a), (e). Davidson did not appeal from the order dismissing his third show cause motion. Instead, Davidson filed a motion to reconsider that order under CR 59 and then filed a notice of appeal from the denial of his reconsideration motion. Therefore, for our court to reach the merits of Davidson's challenge to the order dismissing his third show cause motion, his CR 59 reconsideration motion must have been timely filed. It was not.

CR 59(b) provides that a motion for reconsideration "shall be filed not later than 10 days after the entry of the judgment, order, or other decision." Here, the superior court entered its order dismissing Davidson's third show cause motion on December 3, 2015. Davidson filed his motion to reconsider that order 21 months later, on September 7, 2017, well past the 10-day time limit of CR 59(b).

---

[1] Davidson contends that Pacific County's motion to dismiss his appeal is improper and he did not have adequate opportunity to respond. RAP 17.4(d) allows a party to bring a motion in a brief, as Pacific County did, if the motion would preclude a hearing on the merits if successful. The party opposing the motion then has an opportunity to respond in its responsive brief. Pacific County brought its motion to dismiss in its response brief and Davidson had an opportunity to respond in his reply. The motion to dismiss Davidson's appeal was properly raised and Davidson had an adequate opportunity to respond.

Davidson contends that the superior court properly addressed the merits of his untimely reconsideration motion because the County did not give him proper notice of its motion to dismiss below, and he did not have an opportunity to be heard at the December 3 hearing addressing the motion. He also contended in his declaration to the superior court that he did not receive notice of the December 3 order, and lack of notice of the order was a reason the trial court gave for reaching the merits of the reconsideration motion.

The trial court lacked authority to enlarge the time period for filing a CR 59 reconsideration motion, however. CR 6(b) provides that a trial court has discretion to extend time for cause shown, "but it may not extend the time for taking any action under rule[] . . . 59(d)."

In *Metz v. Sarandos*, the trial court extended the time to file a motion for reconsideration by three days because the order was mailed to counsel on the day it was filed. 91 Wn. App. 357, 359-60, 957 P.2d 795 (1998). We held that the "trial court had no discretionary authority to extend the time period for filing a motion for reconsideration." *Id.* at 360. The *Metz* court recognized that, under CR 58(b), the 10-day time limit for filing a reconsideration motion begins to run on the date the judgment is entered, even where the party seeking reconsideration did not receive notice on that date. *Id.*

Because the superior court lacked authority to extend the time period for filing a motion for reconsideration, Davidson's reconsideration motion was untimely. And even if the trial court could have extended time to account for Davidson's alleged lack of notice of the order, Davidson waited a whole year after he said he received actual notice before filing the motion for reconsideration at issue here. Even if the reconsideration clock started ticking when he says he

No. 51314-5-II

got notice of the order, his motion for reconsideration was too late. Accordingly, we grant

Pacific County's motion to dismiss his appeal as untimely and we need not address the merits of

the appeal.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, P.J.

Cruser, J.

7