# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Parenting of: | No. 60409-4-II |
| M.L.E.-T., | |
| DYLLAN TYME THOMSON, | |
| Appellant, | |
| v. | |
| STEPHANIE MARIE EKHOLM, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J.—Dyllan Thomson appeals the trial court's order granting Stephanie Ekholm's motion for reconsideration and awarding her attorney fees. Thomson argues that the trial court abused its discretion by granting Ekholm's motion for reconsideration because the motion was filed more than 10 days after the order was entered in violation of CR 59(b). In the alternative, Thomson argues that the trial court abused its discretion by awarding Ekholm attorney fees and costs on revision that were not part of the record before the superior court commissioner.

We conclude that the trial court abused its discretion by granting Ekholm's untimely motion for reconsideration. Therefore, we need not address Thomson's alternate argument regarding attorney fees. Accordingly, we reverse the trial court's order granting Ekholm's motion for reconsideration.

FACTS

Dyllan Thomson sought a temporary family law order (TFLO) addressing where the parties' daughter would attend school. Thomson contended that the school the child was presently attending was inconveniently located for him. The trial court commissioner entered a TFLO ordering that the child would continue to attend the same school. Thomson filed a motion for revision. Ekholm filed a response and an attorney fee affidavit. On October 18, 2024, the trial court denied the motion for revision and reserved the issue of attorney fees. Fourteen days later, on November 1, 2024, Ekholm filed a motion for reconsideration asking the trial court to address the issue of attorney fees and arguing that the motion was timely because the order denying the motion for revision was not made available to counsel until October 24, 2024. Thomson filed a timely response arguing, among other things, that the motion for reconsideration was not timely. The trial court granted Ekholm's motion for reconsideration and granted her request for attorney fees and costs. Thomson appeals.

DISCUSSION

Thomson argues that the trial court abused its discretion when it considered Ekholm's motion for reconsideration because it was filed more than 10 days after the challenged order was entered in violation of CR 59(b). We agree.[1]

CR 59(b) provides that a motion for reconsideration "shall be filed not later than 10 days after the entry of the judgment, order, or other decision." "Judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing." CR 58(b). The trial court "may not extend the time for taking any action under [rule] . . . 59(b)." CR 6(b)(2). Meaning, the

---

[1] Ekholm did not file a response to this appeal.

trial court does not have the discretion to enlarge the time period for filing a motion for reconsideration. *Metz v. Sarandos*, 91 Wn. App. 357, 360, 957 P.2d 795 (1998) (holding that extending time for an untimely motion for reconsideration because the parties did not receive a copy of order was abuse of discretion).

In *Metz*, we reversed the trial court's determination that the 10-day period in which to file a motion to reconsider commenced on the date counsel received the trial court's order on summary judgment, rather than the date the summary judgment order was delivered to the clerk for filing. *Id.* Relying on the aforementioned provisions in CR 58(b) and CR 6(b), we said "the trial court had no discretionary authority to extend the time period for filing a motion for reconsideration." *Id.*

Here, as in *Metz*, the trial court determined that the 10-day period for filing the motion to reconsider began 4 days after the judgment was filed by the clerk because counsel contended that the order on revision was not available to counsel on the day it was filed with the clerk. As in *Metz*, this was an abuse of discretion because the motion to reconsider was not timely filed within 10 days after entry of the judgment. Accordingly, we reverse the superior court.

CONCLUSION

We conclude that the trial court abused its discretion by granting Ekholm's untimely motion for reconsideration and, thus, we reverse the trial court's order granting Ekholm's motion for reconsideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

No. 60409-4-II

CRUSER, J.

We concur:

GLASGOW, J.

VELJACIC, C.J.

4